RAVENS METAL PRODUCTS, INC., Plaintiff,

v.

**Rodney E. WILSON, Defendant.**

Civ. A. No. 6:92–1014.

United States District Court, S.D. West Virginia, Parkersburg Division.

March 9, 1993.

**428**

Richard A. Hayhurst, Robert S. Fluharty, Jr., Fluharty & Townsend, Parkersburg, WV, for plaintiff.

Robert W. Full, Goodwin & Goodwin, Parkersburg, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's motion to remand. Plaintiff alleges that removal of this case from state court was improvident and that this Court lacks subject matter jurisdiction over the dispute. For reasons that follow, the Court DENIES the motion to remand.

This action initiated in the Circuit Court of Wood County, West Virginia, and was removed to this Court on October 30, 1992, pursuant to 28 U.S.C. § 1446(a), (b) and (d). In support of his Notice of Removal, Defendant averred that he is a resident of Wood County, West Virginia and that Plaintiff is incorporated in Delaware and has its principal place of business in Ohio. On February 2, 1993, Plaintiff filed the instant motion, asserting that because Defendant is a resident of West Virginia, removal to this Court was improper under 28 U.S.C. § 1441(b). That section proscribes removal from state court of any diversity action if the defendant is a citizen of the state where the action is brought.

■ First, the Court must determine whether this action was improperly removed under § 1441(b). It is undisputed that Defendant is a citizen of West Virginia. Because § 1441(b) prohibits removal of actions not based on federal question jurisdiction [1] where defendant is a resident of the forum state, the action was improperly removed to this Court.

In 1988, Congress amended 28 U.S.C. § 1447(c) to impose a 30-day limit on the time in which a plaintiff may move a federal court to remand a case based on a procedural defect in removal. Section 1447(c) reads, in relevant portion:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

■ Here, Plaintiff filed its motion to remand long after the 30-day period set forth in § 1447(c) had expired. This Court must therefore decide whether the fact that Defendant is a citizen of the forum state is a procedural defect waivable under § 1447(c), or a defect depriving the Court of subject matter jurisdiction not subject to the 30-day deadline.

The parties cite no Fourth Circuit precedent on this issue, and this Court is aware of none. The Fourth Circuit has ruled simply that the 30-day limitation in § 1447(c) applies only to objections to defects in removal procedure, as is clear from the language of the rule. *State v. Ivory*, 906 F.2d 999, 1000 n. 1 (4th Cir.1990).

Courts and commentators addressing the precise question have uniformly held that a defendant's residency in the forum state is a waivable procedural defect. *In re Shell Oil Co.*, 932 F.2d 1518, 1522–23 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992); *Hartford Accident and Indem. Co. v. Costa Lines Cargo Servs.*, 903 F.2d 352, 358–60 (5th Cir.1990); *Farm Construction Services, Inc. v. Fudge*, 831 F.2d 18, 21–22 (1st Cir.1987); *Veltze v. Bucyrus–Erie Co.*, 791 F.Supp. 1363, 1365 (E.D.Wis. 1992); *Taylor v. St. Louis S.W. Ry. Co.*, 128 F.R.D. 118, 119–20 (D.Kan.1989); *see also* 1A J. Moore & B. Ringle, *Moore's Federal Practice,* ¶ 0.157[11.–4] at 172–73 (2d ed. 1992).

Congress intended the 30-day limit in § 1447(c) to apply to a motion to remand on

---

1. Defendant also cites as a possible basis for this Court's subject matter jurisdiction the fact that his counterclaim alleges a cause of action under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B). Because this Court finds that Plaintiff has waived any procedural objections to removal, it is not necessary to reach this issue.

*any* ground other than lack of subject matter jurisdiction.[2] H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033; *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1546 (5th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991).

The defect at issue in the present action does not affect the existence of subject matter jurisdiction in this Court. That Defendant is a citizen of the forum state is a procedural defect in removal Plaintiff has waived by failing to object within the 30–day period prescribed by § 1447(c). Accordingly, the Court DENIES Plaintiff's motion to remand.

---

**2.** Plaintiff cites this Court's lack of subject matter jurisdiction as its grounds for seeking remand. However, Plaintiff confuses this Court's removal jurisdiction with its subject matter jurisdiction. Based on the allegations of the pleadings in this case, this Court possesses subject matter jurisdiction by virtue of the diversity of citizenship of the parties and the amount in controversy. 28 U.S.C. § 1332(a).