Daniel L. and Sandra B. DEVORE,
Plaintiffs,

v.

TRANSPORT TECHNOLOGY
CORP., Defendant.

No. 95–0948–CV–W–1.

United States District Court,
W.D. Missouri,
Western Division.

Jan. 30, 1996.

Gary R. Bradley, Lexington, MO, for plaintiffs.

Peter W. Herzog III, Bryan, Cave, St. Louis, MO, for defendant.

## OPINION AND ORDER GRANTING JOINDER AND RETAINING JURISDICTION UNDER DIVERSITY JURISDICTION

WHIPPLE, District Judge.

This action involves an accident between a car driven by Plaintiffs Daniel L. and Sandra B. Devore, and a truck owned by Defendant Transport Technology Corporation ("TTC"). On September 26, 1995, the Devores filed this action in the Circuit Court of Clay County, Missouri. Less than thirty days later, on October 20, TTC filed its notice of removal to this Court solely on the basis of diversity jurisdiction. The Devores are citizens of Colorado; TTC is an Arizona corporation with its principal place of business in Arizona. Soon after removal, on November 17, the Devores petitioned this Court to join as a defendant the truck's driver, Edward R. Loucks, a citizen of Missouri. The underlying event, the truck accident, occurred fully four-and-one-quarter years before the Devores filed their state court complaint. The Devores give no reason for omitting Loucks as a defendant originally.

The Devores contend that upon joining Loucks, the Court must remand this action to state court because Loucks's Missouri citizenship destroys diversity. TTC argues that the Court should refrain from joining Loucks and thereby retain the action with diversity jurisdiction preserved. TTC's main argument is that the Court should exercise its discretion not to join Loucks because the Devores waited to add him until just after the removal, conduct which TTC casts as dilatory.

Because the Court disagrees with the assumption that diversity jurisdiction is destroyed after the post-removal joinder of a diverse party who is a resident of the forum state, the Court follows neither party's recommendation fully. Instead, the Court grants the motion to join, denies the motion to remand, and retains jurisdiction over this action.

### I. Joinder Under Fed.R.Civ.P. 20(a)

Rule 20(a) of the Federal Rules of Civil Procedure allows a plaintiff to join a person as a defendant if the liability between the new and existing defendants would be joint, several, or in the alternative, if the plaintiff's rights to relief against the new defendant "aris[e] out of the same transaction ... and if any question of law or fact common to all defendants will arise in the action". Here, the defendant to be joined, Loucks, drove the vehicle owned by the existing defendant, TTC, when it allegedly injured the Devores. There is no question that Rule 20(a) would allow the Devores to join Loucks.

### II. (Non)Destruction of Diversity Jurisdiction Under 28 U.S.C. §§ 1332, 1441(b), and 1447

TTC and the Devores assume that adding Loucks as a defendant would destroy diversity jurisdiction. Thus, the Devores request the joinder plus a remand for lack of subject matter jurisdiction and TTC requests a denial of the joinder and retention of jurisdiction.

Were the parties correct, either course would be permitted under the applicable statute, 28 U.S.C.A. § 1447(e) (West 1994), which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court". On the face of the statute, the matter is left to the Court's discretion. *See also Buttons v. National Broadcasting Co.,* 858 F.Supp. 1025, 1027 (C.D.Cal.1994). TTC urges the Court to decide the question using the doctrine of fraudulent joinder, which requires dismissal and remand when the plaintiff's joinder was sought solely to defeat diversity jurisdiction. *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir.1983) (per curiam). But were § 1447(e) applicable, its commitment of the issue to the Court's discretion makes fraudulent joinder only one factor the Court could consider.

Regardless, the previous paragraph is dictum because the parties are incorrect: joining Loucks as a defendant does *not* destroy diversity jurisdiction. The existing parties come from Colorado and Arizona, and Loucks comes from Missouri, another diverse state. Thus, diversity jurisdiction under 28 U.S.C.A. § 1332 (1993) persists after Loucks's joinder.

The source of the parties' confusion is in assuming that the applicable removal statute, 28 U.S.C.A. § 1441(b) (West 1994), creates or destroys subject matter jurisdiction. Section 1441(b) states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Id.* The parties believe that the second clause would divest this Court of jurisdiction after Loucks's joinder because Loucks "is a citizen of the State in which [the original] action [wa]s brought". *Id.* This is not so. Section 1441(b) is not a jurisdictional statute. *See Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 702–05, 92 S.Ct. 1344, 1347–49, 31 L.Ed.2d 612, 617–19 (1972); *Korea Exch.*

*Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 47–51 (3d Cir.1995) (citing *Grubbs* and collecting cases and authorities) ("[A]n irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court.... The invocation of the removal machinery by a citizen of the forum state, while error, is not a 'jurisdictional' defect under relevant Supreme Court precedent. Rather, it is a 'defect in removal procedure'...."). Therefore, § 1447(e) is inapplicable because the addition of a diverse defendant who is a resident of the forum state does not "destroy subject matter jurisdiction".

■ Nor should there be any argument that § 1441(b), though nonjurisdictional, nevertheless works retroactively after removal. Another statute, 28 U.S.C.A. § 1447 (West 1994), specifically controls the procedures the Court should take *after* removal, and, as the Court has shown above, § 1447 does not address the current situation. Because another statute sets forth the applicable procedures after removal, § 1441(b) should be interpreted to apply only before removal. This conclusion is strengthened by the rule that removability is determined at the time the petition for removal is filed. *E.g., Graves v. Corbin*, 132 U.S. 571, 585, 10 S.Ct. 196, 200, 33 L.Ed. 462, 467 (1890) ("The case as made by the bill, and as it stood at the time of the petition for removal, is the test of the right to removal."); *Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1215 (9th Cir.), *aff'd*, 488 U.S. 881, 109 S.Ct. 210, 102 L.Ed.2d 202 (1988); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983); 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3723, at 311 (1985).

Accordingly, the Court holds that the joinder of Loucks as a diverse defendant who is a citizen of the forum state will not destroy diversity jurisdiction.

## III. Discretion and the Doctrinal Vacuum

The above analysis demonstrates that the statutes assumed applicable in fact do not control whether the Court should remand this case. Nor is the Court aware of other pertinent provisions in the United States Code or the Federal Rules of Civil Procedure.

There is a case on point, however. In *Trask v. Kasenetz*, 818 F.Supp. 39 (E.D.N.Y. 1993), *rev'd on other grounds, Turkish v. Kasenetz*, 27 F.3d 23 (2d Cir.1994), an action was removed from New York state court on the ground of federal question jurisdiction. *Id.* at 44. After the counts alleging federal questions were dismissed, the New York district court considered whether diversity jurisdiction remained.[1] *Id.* As in the present case, complete diversity existed, this time between a Florida plaintiff and defendants from New York and Virginia, but one of the defendants was a citizen of the forum state from which the action had been removed. *Id.* As in the present case, the court discovered a doctrinal vacuum. *Id.*

On the following logic, the court decided to remand. First, noted the court, the plaintiff's initial choice of forum should be protected unless other interests predominate. *Id.* Second, a defendant foreign to the forum has a predominant federal interest, guaranteed by 28 U.S.C. § 1441(b), in being protected from the plaintiff's potential home court advantage; a home state defendant has no such interest.[2] *Id.* Third, no statute compels the federal court to retain such a case. *Id.* at 45. Fourth, the statutory scheme appears to favor remand. *Id.* Fifth, the state court would have a greater familiarity and interest in the matters of state law. *Id.* Thus, the

1. Technically, the portion of the *Trask* opinion referred to above is dictum because the record prevented the Court from determining the parties' citizenship conclusively. *Trask*, 818 F.Supp. at 44. Nevertheless, *Trask* appears to be the only relevant case. *See* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3739, at 264 (Supp.1995) (citing

*Trask* with approval, and adducing no other cases).

2. The Court notes that there also could be a federal interest of protecting the foreign defendant from the potential home court advantage of a home state *codefendant*, but § 1441(b) does not recognize that interest.

court remanded "[a]s a matter of economy, convenience, fairness, and comity". *Id.* No other court has discussed *Trask,* but Wright, Miller, and Cooper briefly approve of the result and reasoning. 14A Wright et al., *Federal Practice and Procedure* § 3739, at 264 (Supp.1995).

■ This Court would likely follow *Trask* were it presented with the same facts. But because *Trask* is distinguishable, the Court will join Loucks, yet deny the motion to remand. In *Trask,* the case was removed on federal question jurisdiction, the remand issue arose only after the federal question was dismissed, and the home state defendant was a party to the original state action. In the present action, however, the state case was removed on diversity jurisdiction, the remand issue arose only after Plaintiffs moved to join the home state defendant after removal, and the facts suggest that Plaintiffs moved to join the home state defendant solely (albeit mistakenly) to destroy diversity jurisdiction. These distinctions merit a denial of the motion to remand for several reasons.

First, the Court finds that the doctrine of fraudulent joinder applies to these facts because the Devores' actions indicate that they seek to add the home state defendant, Loucks, only to destroy diversity and secure a remand.[3] One red flag is that the joinder motion quickly followed the removal notice. Another red flag is that the Devores strenuously argue that Loucks's joinder is not fraudulent because he "is the most culpable tortfeasor and may have additional insurance coverage to indemnify plaintiffs [sic] loss". Pls.' Reply Br. at 2. This argument only undercuts the Devores' position: if Loucks is so obviously a proper defendant, then one would have expected the Devores to have sued him from the start. *A fortiori* here, because the underlying event, the truck accident, occurred fully four-and-one-quarter years before the Devores filed their state court complaint, and the Devores give no reason for omitting Loucks as a defendant originally.[4] Thus, the Court finds that the joinder was intended to destroy diversity. The Court hastens to add, however, that it expresses no opinion about Devores' likelihood of success against Loucks.

Second, allowing Loucks's joinder and retaining federal jurisdiction will not disadvantage the Devores. Were the Court to deny the joinder motion, they would be forced to maintain two lawsuits: one in state court against Loucks and one in federal court against TTC. Instead, the Court's ruling will allow the Devores to pursue both Defendants in one lawsuit. It is true that this decision denies the Devores their choice of forum, but they are not citizens or residents of Missouri who might hope to gain a home court advantage in a Missouri state court.

Third, the Devores could have prevented removal if they had alleged their claims against Loucks in their state court petition. They did not, and they suggest no reason excusing their failure to do so. This factor is key to the Court's decision, and a major distinction from the *Trask* case, where the plaintiff did not sit on his rights in state

---

3. The Court notes that fraudulent joinder doctrine usually applies only where the joinder would actually destroy diversity jurisdiction, which is not the case here. Nevertheless, the doctrine, being equitable in nature, is well-suited to decide this case where the Court has discretion to remand. In other words, Plaintiffs' mistake of law should not, in this instance, cleanse their actions.

4. The Court notes that it is questionable whether conventional fraudulent joinder analysis would support the Court's relying solely on a subjective test of Plaintiffs' intentions to determine whether the joinder was sought fraudulently. The case that controls fraudulent joinder in this Circuit, *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir.1983) (per curiam), is not a model of clarity. On the one hand, *Anderson* holds that "[j]oinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal". *Id.* at 84. This seems to allow a subjective test of the joining party's intentions. Under such a test, the Devores would lose. *See supra.* On the other hand, *Anderson* also states an objective test: "Fraudulent joinder exists if, on the face of [the] plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Anderson,* 724 F.2d at 84. Under this test, the Devores would win because it is arguable that a cause of action lies against Loucks.

Nevertheless, the Court need not be troubled by the fine points of fraudulent joinder here because it is using the doctrine in a new, albeit closely related, situation in which it can shape its discretion as it wishes.

court. Moreover, the Devores' failure to join Loucks initially has cost TTC the expense of removing this case from state court and objecting to the motion to join and remand.

### IV. Conclusion

To reiterate, the Court finds that the joinder of Loucks, a citizen of Missouri, as a defendant does not destroy the diversity jurisdiction of this district court sitting in the Western District of Missouri, because Loucks is diverse from the Devores, citizens of Colorado, and the removal statute, 28 U.S.C. § 1441(b) (preventing removal when a defendant is a citizen of the forum state), does not state a jurisdictional rule. The Court also finds that 28 U.S.C. § 1447(e) is therefore inapplicable, but that the Court has discretion to deny the joinder, allow the joinder and remand, or allow the joinder and retain jurisdiction. The Court takes the latter action because the joinder appears to have been sought solely to destroy diversity, retaining federal jurisdiction will not harm Plaintiffs, and Plaintiffs could have prevented such a result by diligent pleading in state court.

### ORDER

For the foregoing reasons, the motion of Plaintiffs is GRANTED IN PART and DENIED IN PART. Edward R. Loucks is hereby JOINED as a defendant, but the Court RETAINS JURISDICTION and DENIES REMAND.

IT IS SO ORDERED.