Irwin F. SHERMAN et al., Plaintiffs,

v.

**SIGMA ALPHA MU FRATERNITY,**
Sigma Chi Chapter, Inc. et al.,
Defendants.

No. CIV. A. AW–00–3246.

United States District Court,
D. Maryland,
Southern Division.

Jan. 24, 2001.

Daniel M. Clements, Israelson, Salsbury, Clements and Bekman, Baltimore, MD, Norman M. Hobbie, Giordano Halleran & Ciesla, David P. Corrigan, Giordano, Halleran & Ciesla, PC, Middletown, NJ, for Plaintiffs.

Robert L. Ferguson, Jr., Ferguson, Schetelich Heffernan, John S. Vander Woude, Eccleston and Wolf, James X. Crogan, Jr., McNamara, Fizer & Dent, Robert K. Nead, Law Office, Baltimore, MD, Patrick J. Christmas, Patrick J. Christmas and Associates, P.C., Todd M. Stenerson, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Washington, DC, Jeffrey R. Schmieler, Saunders and Schmieler PC, Silver Spring, MD, Joel D. Newport, Semmes, Bowen & Semmes, Towson, MD, Robert B. Hetherington, McCarthy, Wilson and Ethridge, Rockville, MD, Edward C. Bacon, Bacon Thornton & Palmer, LLP, Lanham, Robert B. Hetherington, McCarthy, Wilson and Ethridge, Rockville, MD, for Defendants.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Currently pending before the Court are: (1) Plaintiffs' Second Motion to Remand; (2) Defendant Cruise America, Inc.'s Motion for Leave to File Surreply to Plaintiffs' Reply to its Opposition to Plaintiffs' Motion to Remand; (3) Defendant Four Winds' Motion to Dismiss the Cross–Claim for Indemnification by Defendant, Jon M. Rapoport; and (4) Defendant Budget Car and Truck's Motion to Strike Plaintiffs' Notice of Intent to Rely on Mississippi Law. The motion for remand has been fully briefed by all parties. On January 19, 2001, the Court held a hearing on the pending motions. Upon consideration of the arguments made in support of, and opposition to, the motion to remand, the Court makes the following determinations.

## I. FACTUAL BACKGROUND

This diversity action stems from the death of the Plaintiffs' son, Jason Sherman, in a motor vehicle accident that occurred in the state of Mississippi. Plaintiffs filed suit in the Circuit Court for Prince George's County in 1999 asserting various theories of negligence. Apparently, Jason Sherman was a passenger in a recreation vehicle either driven, rented, or owned by the multiple defendants. Defendants removed the case based upon complete diversity. While the case was pending before this Court, it became evident that Daniel Saltzman was a party that should be properly joined to the action. Mr. Saltzman's addition as a party appeared to destroy diversity, as he and the Plaintiffs appeared to be residents of the same state, New Jersey. Based upon lack of subject matter jurisdiction, the Court remanded the case to the Circuit Court for Prince George's County on June 22, 2000. In response, on October 31, 2000, Defendant Cruise America filed another notice

of removal on the basis of complete diversity stating that Mr. Saltzman was, in fact, a resident of New York, not New Jersey. Therefore, according to Cruise America, complete diversity exists and removal is proper. On November 13, 2000, Plaintiffs filed their objection asserting an additional defect in the removal, namely that three of the defendants are citizens of the forum state, Maryland, in violation of 28 U.S.C. § 1441(b).

## II. *DISCUSSION*

 As alternative grounds for remand, Plaintiffs argue that, pursuant to 28 U.S.C. § 1441(b), removal was not proper as the only asserted ground for subject matter jurisdiction is diversity and three of the defendants, Budget Car & Truck Rental/Gordon Enterprises, Sigma Alpha Mu Fraternity, Sigma Chi Chapter, Inc., and Jon Rapoport, are residents of Maryland. Pursuant to 28 U.S.C. § 1441(b), cases found upon diversity jurisdiction may be removed "only if none of ... the defendants is a citizen of the State in which such action is brought." Therefore, "[s]ection 1441(b) forbids removal of a suit on the basis of diversity where a defendant is a citizen of the state in which suit is brought." *ITT Indus. Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir.1987). It is well settled that the removing party bears the burden of proving proper removal. *See, e.g., Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994). The second petition for removal does not address the residency of the defendants in question. Defendant Cruise America does not dispute Plaintiffs' assertions as to the residency of the above-named defendants. Under these circumstances, it appears that removal was improper under § 1441(b) and the case should be remanded to state court.

 Rather than attempt to sustain its burden of proving proper removal by discrediting Plaintiffs' claims as to the residency of its co-defendants, Cruise America asserts that Plaintiffs have waived the right to assert alternative grounds for removal by not presenting the issue in its first successful motion for remand. According to Cruise America, the 30–day time limit to file objections to removal established under 28 U.S.C. § 1447(c) required Plaintiffs to present all arguments in favor of remand in their first motion. Section 1447(c) provides, in pertinent part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Cruise America apparently asserts that, in failing to raise the residency of the three defendants in the earlier motion to remand, Plaintiffs waived any right to respond to the subsequent notice of removal filed almost a year later.

 Defendant cites three cases in support of its position that Plaintiffs waived their right to move for remand. These cases support the proposition that, if complete diversity exists, removal by a resident defendant is procedural defect that does not deprive the federal court of subject matter jurisdiction. *See In re Shell Oil Co.*, 932 F.2d 1518, 1521 (5th Cir.1991); *Alter v. Bell Helicopter Textron, Inc.*, 944 F.Supp. 531, 534 (S.D.Tex. 1996); *Ravens Metal Products, Inc. v. Wilson*, 816 F.Supp. 427, 428 (S.D.W.Va. 1993). Therefore, objections based upon this procedural defect are waived if the plaintiff fails to properly file a motion for remand within the 30–day deadline set forth in 28 U.S.C. § 1447(c). *In re Shell Oil Co.*, 932 F.2d at 1521; *Alter*, 944 F.Supp. at 534; *Ravens Metal Products, Inc.*, 816 F.Supp. at 428. However, in each of the cited cases, the plaintiffs admitted that they did not file any motion to remand within thirty (30) days after the notice of removal was filed. *In re Shell Oil Co.*, 932 F.2d at 1521; *Alter*, 944 F.Supp. at 534; *Ravens Metal Products, Inc.*, 816 F.Supp. at 428. Here, Plaintiffs filed their motion to remand on November

13, 2000 which was clearly within thirty (30) days after Cruise America filed the second notice of removal on October 31, 2000. Cruise America asks the Court to ignore the filing date for its latest notice of removal in favor of relating back the deadline for filing objections to thirty (30) days after the filing of the first notice of removal on December 23, 1999. "Remand to state court following removal is governed by 28 U.S.C.A. § 1447 . . ., and the statute is clear and unambiguous." *Roach v. West Virginia Regional Jail and Correctional Facility Authority*, 74 F.3d 46, 48 (4th Cir.1996). As the Fourth Circuit noted in *Schlumberger Industries, Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1284 (4th Cir. 1994) (quoting *Mulcahey*, 29 F.3d at 151), " '[b]ecause removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction.' " "As a result, where 'federal [removal] jurisdiction is doubtful, a remand is necessary.' " *Schlumberger Industries, Inc.*, 36 F.3d at 1284 (quoting *Mulcahey*, 29 F.3d at 151) (alterations in original). Accordingly, the Court declines to take such a broad interpretation of § 1447(c) that eliminates a plaintiff's right to file timely objections to a defendant's successive attempts at removal. Plaintiffs chose the state court as the forum for their lawsuit and timely objected to removal in accordance with § 1447(c). "[B]y timely moving for remand, [Plaintiffs] did all that was required to preserve [their] objection to removal." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74, 117 S.Ct. 467, 475, 136 L.Ed.2d 437 (1996).

In addition to its arguments of waiver, Defendant Cruise America posits that, pursuant to § 1447(e), the case was improperly remanded because, in fact, complete diversity existed between the parties. Cruise America argues that it was prejudiced by the previous remand when the Court did actually have subject matter jurisdiction. The Court reiterates that it is incumbent on the party opposing remand to show that the removed action is wholly between citizens of different states. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939). "If, on motion to remand, the court finds . . . that [the] defendant has failed to sustain his burden of establishing diversity, the case will be remanded, necessarily without prejudice to [the] defendant's right to remove again later should subsequent developments warrant filing a petition." *Goldberg v. CPC Intern., Inc.* 495 F.Supp. 233, 237 (D.C.Cal.1980). At the time of the first motion to remand, the Court had before it the police report listing Mr. Saltzman as a resident of New Jersey. The Court held a hearing on the motion and afforded Defendant ample opportunity to carry its burden of establishing proper jurisdiction. Defendant did not offer any evidence to establish the true residency of Mr. Saltzman. Consequently, at the time of remand, the record before the Court indicated that complete diversity would not exist after Mr. Saltzman was joined as a defendant. In *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir.1999), the Fourth Circuit stated that

> When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e), which provides the district court with two options: 'If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.' These are the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case.

(citations omitted). Thus, the mandatory language of § 1447(c) affords a district court no discretion to retain a case once it permits the joinder of a nondiverse defendant who destroys its subject matter jurisdiction. Given Defendant's failure to offer

contradictory evidence, the Court properly resolved any doubts with respect to Mr. Saltzman's residency in favor of remand and concluded that remand was necessary for want of subject matter jurisdiction. *See Roach,* 74 F.3d at 49. Only several months after the case was remanded to state court did *Cruise America* procure an affidavit from Daniel Saltzman attesting to his residency in New York. After this Court's order of remand, Defendant had obtained sufficient evidence to sustain its burden of establishing diversity jurisdiction. If Defendant had sustained its evidentiary burden of establishing jurisdiction in the first instance, the case would not have been remanded. Consequently, the Defendant cannot now claim prejudice as a result of the remand.

As secondary grounds for removal, Plaintiffs assert that Defendant's petition for removal on October 31, 2000 was untimely pursuant to § 1446(b) since it was thirty (30) days after Defendant received the amended complaint joining Mr. Saltzman as a defendant. Even assuming that Defendant's petition for removal was untimely pursuant to § 1446(b), the timeliness of the filing of a petition for removal is a procedural defect not affecting this Court's subject matter jurisdiction. Therefore, the objection is subject to the time limitation of § 1447(c). Plaintiffs did not raise the issue of a § 1446(b) violation until January 19, 2001, the date of the hearing. This was well after the date of removal on October 31, 2000. As such, Plaintiffs waived the· right to protest removal on the basis of an untimely petition by failing to raise the issue within thirty (30) days of removal. *See Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir. 1998); *Patin v. Allied Signal, Inc.,* 77 F.3d 782, 786 (5th Cir.1996). Nevertheless, Plaintiffs did satisfy the technical prerequisites of § 1447(c) as to their objections based upon § 1441(b).

Despite Plaintiffs' timely objection to the procedural defect of removal by resident defendants, one final issue remains as to whether this Court has discretion to retain this case since complete diversity exists between the parties. Unlike the earlier motion to remand, this Court has the requisite subject matter jurisdiction to adjudicate the case. While the case law definitively states a district court has no discretion to retain a case in the absence of subject matter jurisdiction, few courts have considered whether a court may retain a diversity case that suffers from a procedural defect which has been timely objected to by the party opposing removal. *See Devore v. Transport Technology Corporation,* 914 F.Supp. 355 (D.Mo.1996); *Thompson v. Louisville Ladder Corp.,* 835 F.Supp. 336, 338–39 (D.Tex.1993); *Trask v. Kasenetz,* 818 F.Supp. 39, 44–45 (E.D.N.Y.1993). One district court found that, under existing Fifth Circuit precedent, § 1447(c) affords no discretion if the plaintiff raised a timely objection to even a procedural defect. *Thompson,* 835 F.Supp. at 338–39. In *Thompson v. Louisville Ladder Corp.,* the defendant failed to timely join its co-defendant in the petition for removal. 835 F.Supp. at 338. After finding that the plaintiff had raised her objection to this procedural defect in a timely fashion, the court stated that "remand was mandatory upon a finding that a party has preserved a defect in removal procedure by timely filing a motion to remand." *Id.* at 339.

By contrast, the other two district courts found that § 1447(c) provides such discretion in diversity cases when a procedural defect is the only grounds for remand. In *Devore v. Transport Technology Corporation,* 914 F.Supp. 355, 357–58 (D.Mo.1996), the district court retained the case under its diversity jurisdiction because the plaintiffs had fraudulently joined the resident defendant after removal for the mistaken purpose of destroying subject matter jurisdiction and the plaintiffs were not citizens of the forum state "who might hope to gain a home court advantage by remand to … state court." 914 F.Supp. at 358. The *Devore* court also emphasized

that the plaintiffs' failure to raise their claims against the resident defendant before removal was key to its decision to retain jurisdiction. *Id.* at 358–59. In *Trask v. Kasenetz,* 818 F.Supp. 39 (E.D.N.Y.1993), the district court, assuming the existence of diversity jurisdiction, found that remand was proper since § 1441(b) prohibited the resident defendants from removing the case. The court noted that protecting the plaintiff's choice of forum, the state court's greater familiarity and interest in the remaining issues of the case, and principles of economy, convenience, fairness, and comity favored remand *Id.* at 45.

 Given the lack of guidance from the Fourth Circuit, the Court finds the reasoning of the *Devore* and *Trask* courts to be persuasive. Furthermore, section 1447(c)'s directive that district courts *shall* remand cases lacking subject matter jurisdiction and the conspicuous absence of such mandatory language with respect to procedural defects supports the conclusion that district courts have discretion to retain jurisdiction over diversity cases suffering from merely procedural defects even if the plaintiff raises a timely objection. "It is [not] permissible . . . to assume that it was only by inadvertence that [the legislature] failed to state something other that what it plainly stated." *Doski v. M. Goldseker Co.,* 539 F.2d 1326, 1332 (4th Cir.1976) (quoting *United States v. Deluxe Cleaners and Laundry, Inc.,* 511 F.2d 926, 929 (4th Cir.1975)).

 In the instant action, if the true facts of Mr. Saltzman's citizenship had been known, the Court would not have remanded the case in June of 2000. Nevertheless, as discussed earlier, remand was necessitated by Defendant's failure to produce evidence substantiating the citizenship of Daniel Saltzman. Unlike the plaintiffs in *Devore,* Plaintiffs asserted their claims against the resident defendants before removal. The Court does not find any evidence of fraudulent joinder on the part of the Plaintiffs. Therefore, consider-

ations of fairness to the litigants do not favor retention of the case. Judicial economy favors remand as discovery had already begun in state court and the case had been set for trial. Moreover, the Court has not made any decision on the merits of the Plaintiffs' case. Principles of comity also support remand since this case requires resolution of unique questions of state law to which the Maryland courts have a greater interest. Under these circumstances, the Court declines to exercise its discretion to retain jurisdiction over the matter. Accordingly, the Court shall remand the case to the Circuit Court for Prince George's County, Maryland.

In summary, as Cruise America has not made any attempt to controvert the residency of its co-defendants, the Court concludes that case was improvidently removed pursuant to 28 U.S.C. § 1441(b). The Court finds that Plaintiffs raised a timely objection to this procedural defect in accordance with 28 U.S.C. § 1447(c). Although it has discretion to retain jurisdiction over this diversity action, the Court believes that the circumstances do not warrant exercise of such discretion. For the reasons stated above, the Court will grant Plaintiffs' Motion for Remand. In light of its disposition, the Court will deny Defendant's Motion to File Surreply. Given its decision to remand the case to state court, the Court declines to address the merits of the remaining outstanding motions and reserves these issues for the wise judgment of the state judges. An Order consistent with this Opinion will follow.

### *ORDER*

For the reasons stated in the accompanying Memorandum Opinion dated January 24th, 2001 and on the record, IT IS this 24th day of January, 2001 by the United States District Court for the District of Maryland, hereby **ORDERED:**

1. That Plaintiffs' Motion for Remand [22–1] BE, and the same hereby IS, **GRANTED**;

2. That Defendant Cruise America, Inc.'s Motion for Leave to File Surreply to Plaintiffs' Reply to its Opposition to Plaintiffs' Motion to Remand [30–1] BE, and the same hereby IS, **DE-NIED**;

3. That this Case BE, and the same hereby IS, **REMANDED** to the Circuit Court for Prince George's County, Maryland;

4. That this Case BE, and the same hereby IS, **CLOSED**; and

5. That the Clerk of the Court mail copies of this order to all counsel of record.