269 F.Supp.2d 1376 (2003)
In re BAYCOL PRODUCTS LIABILITY LITIGATION
Loyed Max Hammonds
v.
Bayer AG, et al., D. Minnesota, C.A. No. 0:03-2689 (N.D. Alabama, C.A. No. 4:03-137)
Eleanor Blakeney, et al.
v.
Bayer AG, et al., D. Minnesota, C.A. No. 0:03-2931 (S.D. Mississippi, C.A. No. 3:03-66)
No. 1431.
Judicial Panel on Multidistrict Litigation.
June 26, 2003.
Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, *1377 D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

ORDER
WM. TERRELL HODGES, Chairman.
Before the Panel is a motion brought by Bayer Corporation (Bayer) to resolve jurisdictional issues with respect to a conditional transfer order entered by the Panel in these two actions (Hammonds and Blakeney). Specifically, Bayer asks the Panel to clarify the effect of the conditional transfer order in relation to orders entered in the transferor courts remanding these two actions to their respective state courts.[1] Plaintiffs in Blakeney responded to the motion as it pertains to their action.
On April 1, 2003, the Panel filed an order conditionally transferring 48 actions to the District of Minnesota for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. In the absence of any party's opposition, the Panel lifted the stay of this conditional transfer order with respect to Hammonds and Blakeney on April 17, 2003. The District of Minnesotathe transferee court filed the Panel's transfer order on April 21, 2003. The Panel's transfer order became effective on that date pursuant to 28 U.S.C. § 1407(c)(ii) and Panel Rules 1.5 and 7.4(e), R.P.J.P.M.L., 199 F.R.D. 425, 427, 436 (2001).
The remand order in Blakeney was signed on April 21, 2003, and filed in the Southern District of Mississippi on April 22, 2003. The remand order in Hammonds was signed and filed in the Northern District of Alabama on April 24, 2003. Neither transferor court mailed a certified copy of its remand order or the case file to the respective state court on or before April 21, 2003.
Thus, the Panel's order was clearly effective prior to the effective dates of the remand orders of both transferor courts.[2]See generally FED. R. Crv. P. 58; Browning v. Navarro, 743 F.2d 1069, 1078-79 (5th Cir.1984) (stating that federal court is completely divested of jurisdiction once it mails certified copy of order to clerk of state court) (citations omitted); Whiddon Farms, Inc. v. Delta and Pine Land Co., 103 F.Supp.2d 1310 (S.D.Ala.2000) (finding that district court loses jurisdiction immediately upon entry of remand order).
Accordingly, the two remand orders at issue here were moot when entered by the respective transferor courts, and the Panel's transfer order takes precedence over them. See Glasstech, Inc. v. AB Kyro OY, 769 F.2d 1574 (Fed.Cir.1985) (holding that transferor court was divested of jurisdiction when Panel's transfer order was filed in transferee district and that transferor court's subsequent ruling on plaintiff's motion for entry of a preliminary injunction and temporary restraining order was without authority).
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the Panel's order transferring Hammonds and Blakeney remains in effect. The clerk of the transferee court should request the files in Hammonds and Blakeney from the clerks *1378 of both transferor courts as provided for in Panel Rule 1.6. 199 F.R.D. at 428.
NOTES
[*] Judge Selya took no part in the decision of this matter.
[1] The Panel is entertaining this motion under Section 1407 for the purpose, inter alia, of determining and deciding the efficacy of its own order.
[2] Bayer also asks for clarification of the effect of the same conditional transfer order on a third action, Frankie L. Pitchford, et al. v. Bayer AG, et al., S.D. Mississippi, CA. No. 3:03-112. The order remanding Pitchford to state court was signed and filed in the Southern District of Mississippi on April 18, 2003. The Panel's order would not have become effective with respect to this action until three days later on April 21, 2003. The Panel has vacated the conditional transfer order with respect to this action.