**STONE STREET CAPITAL, INC.**

**v.**

**McDONALD'S CORPORATION, et al.**

**No. CIV.A. DKC2003–2723.**

United States District Court,
D. Maryland.

Nov. 6, 2003.

Mark D. Maneche, Venable Baetjer and Howard LLP, Michael Schatzow, Venable Baetjer and Howard LLP, Baltimore, MD, for Stone Street Capital, Inc., Plaintiff.

Thomas Matthew Buchanan, Winston and Strawn LLP, Kenneth William Irvin, Morrison and Foerster LLP, Lois Kim Perrin, Morrison and Foerster LLP,

Washington, DC, for McDonald's Corporation, George Chandler, Simon Marketing, Inc., Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution is Plaintiff's motion to remand. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, the motion will be granted.

## I. Background

On September 23, 2003, Simon Marketing, Inc., one of the defendants, filed a Notice of Removal from the Circuit Court for Montgomery County, with the consent of the other defendants, McDonald's Corporation and George Chandler. The notice recited that counsel attempted to file the notice electronically during the evening of September 22, but those attempts were unsuccessful. Blaming the failure on "technical difficulties," counsel requested that the notice be deemed timely.[1]

On October 1, 2003, Plaintiff moved for remand (and requested an award of attorney's fees) on the basis of the untimely removal. In its opposition, Simon Marketing requests the court to exercise discretion to deem the notice timely filed, or alternatively to enlarge the time for removal, or finally, to retain jurisdiction over the case despite the technical, procedural defect of the late filing. Simon Marketing also opposes the request for fees.

While the removal issue was developing, Simon Marketing also filed an emergency motion for extension of time to answer and to stay the proceedings, which is opposed by Plaintiff. This case was conditionally transferred as multidistrict litigation pursuant to 28 U.S.C. § 1407 on October 30, 2003. The transfer order is stayed for a period of 15 days, and this remand decision is being filed prior to the expiration of the stay. *In re Baycol Products Liability Litigation,* 269 F.Supp.2d 1376 (Jud.Pan. Mult.Lit.2003). Accordingly, this court retains jurisdiction to resolve the motion to remand.

## II. Standard of Review

■ On a motion to remand, "because the federal courts are reluctant to interfere with matters properly before a state court, courts must 'strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court,' *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 507 (E.D.Va.1992); *accord, Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993)." *Richardson v. Phillip Morris Inc.,* 950 F.Supp. 700, 701–2 (D.Md.1997).

Title 28 U.S.C. § 1446(b) provides that:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

---

1. The difficulties were not technical. The system operated as contemplated. Rather, as will be detailed below, the court does not currently permit electronic filing of case initiating documents. Counsel asserts that the Notice of Removal could not be filed earlier because the consent from Mr. Chandler was not received until after 7:00 p.m. on the evening of Sept. 22, 2003. While each defendant must remove or join in removal within thirty days of service, there was no reason Simon Marketing and/or McDonald's could not have filed a notice of removal without consent from Mr. Chandler. They had the full thirty days from service on him to obtain his consent. *McKinney v. Board of Trustees of Mayland Cmty. Coll.,* 955 F.2d 924 (4th Cir.1992).

claim for relief upon which such action or proceeding is based ...

Section 1447(c) provides that:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

## III. Analysis

■ It is undisputed that Simon Marketing was served on August 22, 2003 and McDonald's was served on August 21, 2003. George Chandler was served later. The thirty day period for removal by McDonald's and Simon Marketing ended on Monday, September 22, 2003. It is also undisputed that the Notice of Removal was not effectively filed with the clerk by midnight on that date.[2] Instead, Simon Marketing contends that the attempted filing through the electronic system should be deemed to constitute "filing," or at least give rise to an extension of the filing deadline, or result in the court determining to retain jurisdiction nonetheless.

### A. Filing

Although the statute prescribes "filing" a notice of removal within thirty days of service, the statute does not define the operative term "filing." When faced with another statute lacking a necessary definition, the Supreme Court affirmed a trial court, which had turned to other sources for enlightenment, and quoted the trial court's reasoning:

2. The Notice of Removal was filed in the night deposit box in Greenbelt, on September 23, 2003.

3. An exception to that rule, the "mailbox rule" for filing, is limited to prisoners housed in penal institutions. *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). That case contains an excellent debate on the wisdom of the exception. Both

"The word 'file' was not defined by Congress. No definition having been given, the etymology of the word must be considered and ordinary meaning applied. The word 'file' is derived from the Latin word '*filum*,' and relates to the ancient practice of placing papers on a thread or wire for safe-keeping and ready reference. Filing, it must be observed, is not complete until the document is delivered and received.... A paper is filed when it is delivered to the proper official and by him received and filed. Bouvier's Law Dict.; *Hoyt v. Stark,* 134 Cal. 178, 66 P. 223 (1901); *Wescott v. Eccles,* 3 Utah 258, 2 Pac. 525 (1883); *Re Von Borcke (D.C.),* 94 Fed. 352 (D.N.J.1899); *Mutual L. Ins. Co. v. Phinney,* 22 C.C.A. 425, 76 Fed. 617 (1896). Anything short of delivery would leave the filing a disputable fact, and that would not be consistent with the spirit of the act."

*United States v. Lombardo,* 241 U.S. 73, 76–77, 36 S.Ct. 508, 60 L.Ed. 897 (1916). *Lombardo* has long been considered as establishing the "physical delivery" rule such that the date of delivery is the date of filing for statutory purposes. *See, e.g., Wiggins v. Internal Revenue Service,* 59 A.F.T.R.2d 87–445, 87–1 USTC P 9180, 1986 WL 15574, \*2 (D.Md.1986).[3]

The provisions of the Federal Rules of Civil Procedure concerning filing supplement, rather than alter, the *Lombardo* approach:

majority and dissenters agree, however, that "filing" normally means receipt by the court. Interestingly, the Court refers to *In re Pigge,* 539 F.2d 369 (4th Cir.1976), as a case adopting the mailbox rule, contrary to the weight of authority. *Pigge* involved the filing of an appeal from bankruptcy court and the construction of a rule. The Fourth Circuit has not expanded application of the mailbox rule any further.

The filing of papers with the court as required by these rules shall be made by filing them with the clerk of court, .... A court may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A paper filed by electronic means in compliance with local rule constitutes a written paper for the purpose of applying these rules. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.

Fed.R.Civ.P. 5(e).[4] The District of Maryland has adopted a local rule and procedures for electronic filing. Local Rule permits electronic filing in accord with the procedures adopted by the court. Administrative Order 2003–2 (February 20, 2003). The court's Electronic Filing Requirements and Procedures (2nd ed., 8/11/2003), provides:

2. Complaints and other Case Initiating Documents

The current district court CM/ECF software does not have the capability of accepting credit card payments over the Internet. Accordingly, at present attorneys are not allowed to open cases electronically. To file a new case, you should submit to the Clerk:

1 paper copy of the complaint or other initiating document, along with any attachments and/or motions or other documents being filed at the same time

1 paper copy of the civil cover sheet

A 3½″ diskette or CD Rom containing PDF versions of the complaint or other initiating document(s), civil cover sheet, and any attachments (subject to the procedures governing lengthy attachments, supra), and/or motions or other documents being filed at the same time. Each attachment, motion, or other document should be a separate PDF. It is not necessary to submit a separate diskette or CD for each document.

\* \* \* \* \* \*

The Clerk's Office will open the case and electronically file the complaint or other initiating document and any other documents submitted. You will be electronically notified of the filing of the complaint. The notification will include your case number. We will issue the summonses, scan them, and docket the PDF versions. The paper summonses will be returned to you for service or, if appropriate, sent to the U.S. Marshal for service. Your diskette will be returned to you along with the summonses. The paper copies of the complaint and other documents will be sent to the assigned judge for his or her chamber's file. The official court documents will be the PDF versions electronically filed.

The next section of the procedures manual contains instructions for removals:

When removing a case from state court, you should:

a. Scan any state court documents being filed which do not exist in electronic format and are less than 15 pages. The 15 page limit applies to individual documents—it is not cu-

---

4. The last sentence was added in 1991. Fed. R.Civ.P. 77(a), providing that "The district courts shall be deemed always open for the purpose of filing any pleading or other paper ..." does not mean that the clerk's office must physically be open around the clock. 12

CHARLES A. WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 3081 (2d ed.1997). The rule, instead, merely indicates that the courts always have the power to act. Rules 5(e) and 77(c) govern operating hours and filing procedures.

mulative. Each document should be scanned separately. Any state court document which is 15 pages or longer and which would have to be scanned should be treated as a lengthy exhibit.

b. Submit to the clerk a CD or diskette containing PDF versions of the notice of removal, civil cover sheet, and state court documents. The notice and each state court document must be a separate PDF.

c. Also provide the clerk with a paper copy of the notice of removal, civil cover sheet, and any state court documents filed.

Under the purely paper filing system, circumstances arose where a litigant presented paper pleadings to the clerk that were deficient in some way, either the filing fee was missing, or the format of the papers was incorrect. Prior to the amendment to Rule 5(e) in 1991, courts developed a set of principles to deal with those circumstances. As summarized in *Central States, Southeast and Southwest Areas Pension Fund. v. Paramount Liquor Company*, 34 F.Supp.2d 1092, 1094–95 (N.D.Ill.1999):

> Although *Lombardo* was decided before the Federal Rules of Civil Procedure were promulgated, courts have relied on it and Federal Rules of Civil Procedure 3, 5(e), and 77 for the same proposition. *See, e.g., Milton v. United States*, 105 F.2d 253, 255 (5th Cir.1939) ("The word 'filed' ... requires of one filing a suit, merely the depositing of the instrument with the custodian for the purpose of being filed. Except where specific statute otherwise provides, and none such is present here, it charges him with no

further duty, [and] subjects him to no untoward consequences."); *Greeson v. Sherman*, 265 F.Supp. 340, 342 (W.D.Va. 1967) ("[I]f rule 3 is read in conjunction with Rule 5(e) ... [a complaint is filed when] the complaint is delivered to an officer of the court who is authorized bo receive it."); *Freeman v. Giacomo Costa Fu Andrea*, 282 F.Supp. 525, 527 (E.D.Pa.1968) ("[I]t is settled law that delivery of a pleading to a proper official is sufficient to constitute filing thereof.")

Defendant's attempt to fit the events of this case within the framework of constructive filing fails. In the situation where the clerk is in physical custody of the pleading, but delays full acceptance for filing and processing, the court has verification of the contents and timing of the presentation of the pleading for filing. Here, other than counsel's declaration, there is no evidence of the attempted filing in a form verifiable by the court or opposing counsel.[5]

Even the case relied on by Defendant does not state to the contrary. In *Cintron v. Union Pacific R. Co.*, 813 F.2d 917, 920 (9th Cir.1987), the court said:

> The consensus is that "[p]apers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court." C. Wright & A. Miller, Federal Practice and Procedure § 1153 (1969). *See United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir.1986). The possession of the papers by the clerk of the court may be actual or constructive. *Dae Rim Fishery*, 794 F.2d at 1395.

---

5. While the court's electronic case filing system tracks the login date and time, the machine IP address, and user ID, it cannot track what the user attempts to do until a docket event is actually created by the successful filing of a document. Thus, while the court could verify that counsel logged into the system on the evening of September 22, 2003, there can be no verification of what counsel attempted to file.

The court then discussed earlier cases, including *Loya v. Desert Sands Unified School Dist.*, 721 F.2d 279 (9th Cir.1983), dealing with a complaint filed on the wrong size paper, in which it was held that:

> A copy of the complaint arrived in the hands of the Clerk within the statutory period. To uphold the Clerk's rejection of it would elevate to the status of a jurisdictional requirement a local rule designed merely for the convenience of the court's own record keeping. While such interests are important, local rules to serve them should not be applied in a manner that defeats altogether a litigant's right to access to the court.
>
> \* \* \* \* \* \*
>
> [F]or purposes of the statute of limitations the district court should regard as "filed" a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules.

721 F.2d at 280–81. Then, in *Cintron*, the court concluded that the failure to punch two holes in the top of pages, or to supply the civil cover sheet, even when accompanied by an overpayment in the filing fee, did not make the filing untimely.

It may be that, with the advent of electronic filing, the concept of physical delivery must take on an expanded meaning. In cyberspace, a different reality must be accommodated. The court's computer server becomes the intake desk. The notice of removal in this case, however, never made it that far. Instead, the proper analogy is to an attorney who puts the notice in an envelope and addresses it to the court, but, for example, forgets to put the proper postage on and the envelope is returned to sender, instead of being delivered to the clerk. More precisely, the attempted delivery here was to a clerk's agent, outside of normal business hours, who was NOT authorized to accept, and indeed declined to receive, the document for filing.

Defendant contends that, because the reason for not accepting the filing is within the control of the court, this situation should be analyzed differently. The important rationale of the constructive filing cases, reflected in the 1991 amendment to Rule 5 mandating that the clerk not refuse to accept a paper merely because it fails to comply with local rules, is that the court can have reliable evidence of the defective filing when a paper complaint is technically defective. Consequently, allowing a later remedy is acceptable. The issue of when something is filed is not open to debate, because the court maintains the evidence of the "filing" and can record when it is received. The problem here, however, was not merely the absence of a filing fee. It was the failure to deliver the notice of removal to an authorized representative of the clerk, whether in paper form or otherwise, within the time provided.

Accordingly, the notice of removal was not "filed" within thirty days of service on two of the defendants.

## B. Extension of Time for Removal

 Despite Defendant's request, the court cannot extend the time for filing removal because it simply does not have the authority to extend the removal period. *Grenchik v. Mandel*, 373 F.Supp. 1298, 1299 (D.Md.1973). Fed.R.Civ.P. 6(b) does not apply to filing times prescribed by statute. *United States v. Becton Dickinson & Co.*, 813 F.Supp. 410, 412 (D.Md. 1993). It is true that the timeliness of removal is an issue that must be raised within thirty days of the removal, or it is waived by Plaintiff. *Sherman v. Sigma Alpha Mu Fraternity*, 128 F.Supp.2d 842, 846 (D.Md.2001). That reality does not, however, provide the court with discretion to extend the statutory period. It simply

means that, if the timeliness issue is not raised at the threshold of the litigation in federal court, it will not be available as a means to derail the case later.

## C. Discretion to Retain Jurisdiction

Defendants also contend that the court has discretion to retain jurisdiction over this action despite the untimely removal, citing *Sherman v. Sigma Alpha Mu Fraternity, id.,* and *Loftin v. Rush,* 767 F.2d 800 (11th Cir.1985). As pointed out by Plaintiff, *Loftin* involved an untimely removal by the United States Government under § 1442, rather than diversity removal under § 1441, and thus is of limited relevance to this case. *See Reese v. South Florida Water Mgmt. Dist.,* 853 F.Supp. 413, 415 (S.D.Fla.1994) (§ 1442 to be liberally construed to protect federal interests). *Sherman,* on the other hand, does discuss the question of a district court's discretion to retain jurisdiction despite procedural defects in removal. The conclusion there, though, seems at odds with the general approach to removal, i.e., to apply the statute strictly and to remand questionable cases. To hold that a district court has discretion to retain improperly removed cases contradicts those admonitions. Thus, the undersigned concludes that the court does not have discretion to retain jurisdiction, in the face of a timely challenge to the timeliness of removal.[6]

## D. Conclusion

This result is not inequitable. Defendants had plenty of time to file their Notice of Removal timely. As noted above, Simon Marketing and McDonald's could have filed their removal and obtained Mr. Chandler's consent later. Furthermore, Defendants had several avenues for arranging alternative after hours filing.

Counsel could have called the clerk's office during normal business hours to arrange for alternative filing, after the courthouse closed and the night box was unavailable in Greenbelt. The night box in Baltimore remained available until midnight. Further, telephone numbers for four separate emergency contacts are provided on the court's website. Finally, this ruling merely returns this case to the Circuit Court for Montgomery County, where the merits can be resolved.

## IV. Fees and Costs

Section 1447(c) also provides:

An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.

Because the motion to remand has raised a novel and complex question and because there was no evidence of bad faith in removal, this request will be denied. *See In re Lowe,* 102 F.3d 731, 733 n. 2 (4th Cir. 1996); *Brown v. Washington/Baltimore Cellular, Inc.,* 109 F.Supp.2d 421, 424 n. 2 (D.Md.2000).

## ORDER OF REMAND

For the reasons stated in the foregoing Memorandum Opinion, it is this 6th day of November, 2003, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for remand (paper 10) BE, and the same hereby IS, GRANTED;

2. This case BE, and the same hereby IS, REMANDED to the Circuit Court for Montgomery County;

---

**6.** Were the court to have such discretion, I would not exercise it in this case. The dilemma faced by counsel was entirely of their own making and the mistake in assuming that the notice could be filed electronically was avoidable.

3. The clerk is directed to take all necessary steps to implement the remand promptly;

4. Plaintiff's request for attorney's fees and costs is DENIED; and

5. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties and CLOSE this case.