**Carl A. BROCK and Dale Bryce Richards, Plaintiffs,**

**v.**

**Hendon B. DEBRAY, individually and in her official capacity as Administrator of the Alabama Beverage Control Board, et al., Defendants.**

Civ. A. No. 94–A–1174–N.

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 12, 1994.

Morris J. Brooks, Jr., Huntsville, AL, for plaintiffs.

Constance A. Caldwell, Thomas T. Gallion, Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is now before the court on the Motion to Dismiss Notice of Removal, which the court treats as a Motion to Remand, filed by Plaintiffs, Carl A. Brock ("Brock") and Dale Bryce Richards ("Richards") on September 29, 1994.

On August 3, 1994, Brock and Richards ("Plaintiffs") filed a complaint in the Circuit Court of Montgomery County, Alabama. The complaint seeks declaratory relief, damages including back pay, and costs. The basis of this complaint is that Plaintiffs were demoted from their positions as employees of the Alabama Alcoholic Beverage Control Board ("ABC Board") without the necessary administrative procedures in violation of the Code of Alabama and the Personnel Rules of the ABC Board. Additionally, the complaint made claims under the United States Constitution.

On September 12, 1994, Defendants Hendon B. DeBray ("DeBray")[1] and the ABC Board filed a notice of removal with this court pursuant to 28 U.S.C. §§ 1441(b), 1441(c), and 1446. They maintain that this court has original jurisdiction over the suit because it involves claims under the United States Constitution. *See,* 28 U.S.C. § 1331. Once the case was removed, DeBray and the ABC Board filed a Motion to Dismiss Plaintiffs' Complaint.

In response, Plaintiffs filed an Amended Complaint on September 29, 1994 which made claims only under the Due Process Clause of the Alabama Constitution and various other state laws. After amending their complaint to delete any reference to federal causes of action, Plaintiffs filed a Motion to Dismiss Notice of Removal. This motion seeks either a dismissal of the notice of removal or a remand of this case, pursuant to 28 U.S.C. § 1441(c), to the Circuit Court of Montgomery County, Alabama.

For the reasons stated below, the court finds that the Motion to Dismiss Notice of Removal is due to be GRANTED.

### II. DISCUSSION

The court begins with Plaintiffs' argument that Defendants' notice of removal is due to be dismissed because there are no longer any federal claims upon which Defendants can base their removal. Defendants properly point out that this case was properly removed to this court. The removal statute provides that a defendant may remove "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States ..." 28 U.S.C. § 1441(b). The well-pleaded complaint rule governs whether a claim arises under federal law. *Brown v. Connecticut Gen. Life Ins. Co.,* 934 F.2d 1193, 1195–96 (11th Cir.1991). At the time Defendants removed this case to federal court, the Plain-

---

1. According to the complaint, DeBray was the Administrator of the ABC Board and as such, was charged with the responsibility of supervising all the employees of the ABC Board.

tiffs' complaint contained claims for alleged violations of Plaintiffs' federal due process rights. Thus, the complaint raised claims which arose under federal law, and removal was proper. The fact that Plaintiffs' filed their amended complaint in this court shows a recognition that this claim is now properly removed to this court. The court now will address Plaintiffs' argument that the court should remand the case to state court because the amended complaint contains only state law claims.

In opposition to Plaintiffs' Motion to Dismiss Notice of Removal, Defendants contend that this case was properly removed and should remain in this court notwithstanding Plaintiffs' post-removal amendment eliminating all federal claims from their complaint. Defendants are correct in their assertion that this action is still properly before this court despite the fact that Plaintiffs have amended their complaint to strike all federal claim. The simple act of amending the complaint does not automatically remove the case from this court's purview. Defendants further argue that once a case has been properly removed a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal claims. The harm of allowing remand to which Defendants point seems to be a "drain of resources" which will ensue if this case is remanded to state court. In support of this argument, Defendants cite several cases. The court notes that none of these cases are binding precedent and some of them rely on cases which have been overruled. Rather than rely on these cases, the court must instead follow the dictates of the United States Supreme Court.

In *Carnegie Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), the Court resolved a split among the Circuit Courts of Appeals on "whether a district court has discretion to remand a removed case to state court when all the federal-law claims have dropped out of the action and only the pendent state-law claims remain." *Id.* at 348, 108 S.Ct. at 618. In that case, the plaintiffs filed a suit in state court alleging a violation of federal and state employment discrimination laws as well as

bringing state-law tort claims. *Id.* at 345, 108 S.Ct. at 616. Defendants removed the suit to federal court by pointing out that the complaint stated a claim which arose under the Age Discrimination in Employment Act. Months later, the plaintiffs amended their complaint to delete the allegations which amounted to federal-law claims and brought a motion to remand. The District Court allowed the amendment and the remand. *Id.* at 346, 108 S.Ct. at 617.

The United States Supreme Court held that a District Court has discretion to remand supplemental state law claims after the plaintiff dropped the federal claims on which removal was originally based. *Id.* at 357, 108 S.Ct. at 622. The Court in *Carnegie Mellon* recognized that it is generally preferable for a District Court to remand remaining supplemental claims to state court. *Id.* at 351, 108 S.Ct. at 619. However, the Court made clear that the District Court's decision depended upon considerations of "economy, convenience, fairness and comity" which must be weighed in each case. *Id.*

In this case, the balance of these factor weighs in favor of remanding Plaintiffs' claims to state court. This lawsuit is in its very early stages. The parties have not appeared for a scheduling conference, and the court has not ruled on any motions. Defendants have not even answered the Plaintiffs' complaint. As the Supreme Court stated in *Carnegie Mellon,* "[w]hen the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District court [has] a powerful reason to choose not to continue to exercise jurisdiction." 484 U.S. at 351, 108 S.Ct. at 619. Moreover, because **only** Alabama state law claims remain, including a question involving the interpretation of the Alabama Constitution, comity mitigates strongly in favor of litigating this action in state court.

Defendants imply that this court should retain jurisdiction because the Plaintiffs' post-removal amendment eliminating federal claims and simultaneous motion seeking remand amount to an attempt to manipulate jurisdiction. In *Carnegie Mellon,* the Court held that a plaintiff's use of manipu-

lative tactics to secure a state forum in which to try the case is a factor a District Court can consider when deciding whether to remand a case. 484 U.S. at 355, 108 S.Ct. at 621. The court agrees that Plaintiffs may be attempting to forum shop by excising their federal claims and seeking remand. However, the factors in this case still weigh in favor of remand. The court may have reached a different conclusion had Plaintiffs' tactics occurred at a later stage in the litigation when substantial judicial resources had already been expended.

Accordingly, Plaintiffs' Motion to Remand is due to be GRANTED, and this court need not decide the other motions pending in this case. It is hereby ORDERED that this case is REMANDED to the Circuit Court of Montgomery County, Alabama. The Clerk is directed to take the necessary steps to effect the remand.