**In re William Lee ROBERTS,
Petitioner.**

**No. 98–1593.**

United States Court of Appeals,
Third Circuit.

Argued Feb. 19, 1999.

Filed May 20, 1999.

Timothy E. Eble (argued), Paul J. Doolittle, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, Linda George, Laudig, George, Rutherford & Sipes, Indianapolis, IN, for Petitioner.

Robert H. Riley, (argued), Catherine M. Masters, Matthew J. Fischer, Schiff Hardin & Waite, Chicago, IL, John H. Douglas, Smith, Maley & Douglas, Indianapolis, IN, Robert N. Spinelli, Kelley, Jasons, McGuire & Spinelli, L.L.P., Philadelphia, PA, Robert D. Goodman, Debevoise & Plimpton, New York City, George E. Purdy, Stephanie Holtzlander, Bose McKinney & Evans, Indianapolis, IN, Andrew Trevelise, Reed Smith Shaw & McClay, L.L.P., Philadelphia, PA, Janet E. Golup, Philadelphia, PA, Dennis F. Cantrell, Robin L. Babbitt, Bingham Summers Welsh & Spilman, Indianapolis, IN, David K. Hendrickson, Hendrickson & Long, Charleston, WV, Frank A. Barnhart, Barnhart, Sturgeon & Spencer, Bloomington, IN, Jon L. Williams, Indianapolis, IN, for Respondents.

Wendy S. White, Shea & Gardner, Washington, D.C., for Amici.

The Honorable Charles R. Weiner, Senior Judge, United States District Court, Eastern District of Pennsylvania, U.S. Courthouse, Philadelphia, PA, Nominal Respondent.

Before: GREENBERG, LEWIS, and BRIGHT,* Circuit Judges.

## OPINION OF THE COURT

BRIGHT, Circuit Judge.

William Lee Roberts contracted asbestosis after working with asbestos for forty-four years as an insulator and pipe-fitter. Roberts sued various asbestos manufacturers for compensatory and punitive damages. The defendants removed the case to the United States District Court for the Southern District of Indiana. Pursuant to 28 U.S.C. § 1407, the Panel on Multidistrict Litigation ("the Panel") transferred the case to the United States District Court for the Eastern District of Pennsylvania for consolidation with other asbestos cases. The Honorable Charles R. Weiner (the transferee district judge) retained jurisdiction over the case for three years as part of his jurisdiction over MDL 875.

---

* Honorable Myron H. Bright, Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

On October 2, 1997, Roberts filed a motion with Judge Weiner for remand of the case to the transferor court in the Southern District of Indiana. On December 26, 1997, Judge Weiner remanded the compensatory damage claims but severed and retained jurisdiction over the punitive damage claims. The order stated in part:

THIS MATTER being reviewed this date upon plaintiff's request for remand and after a scheduled settlement conference and the Court having examined the matter;

THE COURT FINDS the following conditions present:

a) The parties to this action have engaged in settlement negotiations which have resolved this case as to some defendants but not all, and

b) In order to complete the resolution of this action it should be returned to the transferor court for completion of necessary discovery, further mediation, A.D.R. or other proceedings;

THE COURT FURTHER FINDS that the issue of punitive damages must be resolved at a further date with regard to the entire MDL action, and therefore any claims for punitive or exemplary damages are hereby ORDERED severed from this case and retained by the Court within its jurisdiction over MDL 875 in the Eastern District of Pennsylvania.

THE COURT ALSO FINDS that the United States District Court for the Southern District of Indiana is a district wherein this action may have originally been brought, and that for the convenience of the parties and in the interest of justice this action should returned [sic] there for further proceedings.

App. at 1–2.

■ Roberts filed a petition for a Writ of Mandamus under the All Writs Act, 28 U.S.C. § 1651, petitioning this court to order Judge Weiner to remand his puni-

tive damages claims to the Southern District of Indiana.[1] Although Judge Weiner remanded the compensatory claims to the transferor court without objection by any party, Roberts' petition presents the question whether the authority to remand a transferred case rests with the Panel or with the transferee district judge. We determine that the authority lies with the Panel. Thus Roberts' petition for a Writ of Mandamus must fail.

■ A Writ of Mandamus is an "extraordinary remedy" and can issue only to correct a clear abuse of discretion or usurpation of judicial authority. *Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). A Writ of Mandamus will not issue where adequate, alternative means remain available to obtain the relief sought by the Petitioner. *Id.* The Petitioner bears the burden of demonstrating a clear and indisputable right to the Writ. *Id.*

■ A Writ of Mandamus cannot issue to compel a district court to take an action exceeding its authority. Thus Roberts' petition requires us to determine as a preliminary matter whether Judge Weiner possesses the authority to remand the claims to the transferor court in the Southern District of Indiana.

28 U.S.C. § 1407 governs the transfer and remand of cases in multidistrict litigation. § 1407(a) reads:

When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of

[1]. Roberts tried his claim for compensatory damages on April 3, 1998. He recovered $150,000 from Bell Asbestos Mines, the sole remaining defendant.

such actions. *Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however,* That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

28 U.S.C. § 1407(a) (1993) (emphasis added).

Panel Rule 14 establishes the conditions for the Panel's remand of a transferred case:

In the absence of unusual circumstances—

. . . .

(c) The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim, or third-party claim at or before the conclusion of coordinated or consolidated pre-trial proceedings on

(i) motion of any party,

(ii) suggestion of the transferee district court, or

(iii) the Panel's own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order.

28 U.S.C. foll. § 1407.

In *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998), the Supreme Court held that § 1407(a) precludes a transferee district judge from assigning a transferred case to itself for trial. The Court determined that § 1407(a) imposes a mandatory obligation on the Panel to remand transferred cases to the transferor court. *Id.* at 962.

In our view, § 1407(a) and *Lexecon* indicate that the power to remand a transferred case to the transferor court lies with the Panel, not the transferee district judge. Section 1407(a) unequivocally places the authority to remand a trans-ferred case with the Panel, not the transferee district judge. *See Lexecon,* 118 S.Ct. at 962.

Panel Rule 14(c) buttresses our conclusion that the power to remand a transferred case rests with the Panel and not with the transferee district judge. The rule implies the Panel's authority to remand but makes no reference to similar authority in the transferee district judge. The rule clearly states that the Panel must consider remand on the suggestion of the transferee district judge.

■ The statutory power to order a remand under § 1407(a) from the transferee district to the transferor district lies in the Panel, not the transferee district judge. Judge Weiner therefore lacks statutory authority to remand Roberts' claims for punitive damages to the transferor court in the Southern District of Indiana. Roberts should have sought relief from the Panel. Roberts did not waive his right to seek relief from the Panel by filing the motion for remand in district court. *See Lexecon,* 118 S.Ct. at 962 n. 1. Thus he did not lack alternative means of obtaining the relief he seeks by mandamus.

Roberts has not demonstrated an entitlement to the Writ of Mandamus. Accordingly, we deny the petition.