In re BRIDGESTONE/FIRESTONE, INC., ATX, ATX II, and Wilderness Tires Products Liability Litigation.

Sheryl H. McKinney,

v.

Bridgestone/Firestone, Inc. and Ford Motor Company.

Nos. IP 00–9373–C–B/S,
IP 00–5000–C–B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 12, 2001.

Gary L. Richardson, Richardson Stoops Richardson & Ward, Tulsa, OK, for plaintiffs.

John H. Beisner, O'Melveny & Myers, LLP, Washington, DC, Mark Herrmann, Jones Day Reavis & Pogue, Cleveland, OH, Mark Merkle, Krieg Devault Alexander & Capehart, Indianoplis, IN, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, Colin P. Smith, Holland & Knight LLP, Chicago, IL, for defendants.

## ORDER ON REQUEST FOR SUGGESTION FOR REMAND

BARKER, District Judge.

Now before the Court is the Request for Suggestion for Remand filed by plaintiff Sheryl H. McKinney (Ms. McKinney) as parent and next friend of Christy R. McKinney. As explained more fully below, the Court *DENIES* the request for suggestion for remand *at this time*, with the caveat that it may issue a suggestion for remand in advance of the trial date set by the transferor court, subject to and under the conditions set out in this Order.

### Discussion

█ Ms. McKinney has asked us to issue a Suggestion for Remand to the Judicial Panel on Multidistrict Litigation in the hope that this matter can be remanded to the District Court for the Western District of Arkansas for trial on June 25, 2001, a date set by that court before the case was transferred to us as a part of the MDL. In support of her request, Ms. McKinney maintains that discovery in her case is "substantially complete," and that Christy McKinney has compelling financial and physical needs that make it inappropriate for the case to be slowed by being "lumped together with other cases involving a tire recall, property damage, diminution in value of property and other diverse claims." Request for Suggestion for Remand at unnumbered page 3.

Defendant Bridgestone/Firestone [1] argues that Ms. McKinney has exaggerated the progress of her case, pointing out that it was filed only two months before the Panel transferred it to this court. The plaintiff had served written discovery requests before transfer, but the bulk of the discovery to which she has referred, according to Bridgestone/Firestone, consists of deposition transcripts and documents produced in other cases. Bridgestone/Firestone also urges that this case will move more expeditiously if it remains part of the MDL. Finally, Bridgestone/Firestone maintains that the Panel considered and rejected the sort of argument Ms. McKinney is making here when it included the personal injury actions in the MDL. [2]

█ The power to remand a case to the transferor court lies solely with the Panel. 28 U.S.C. § 1407(a). *See also In re Roberts,* 178 F.3d 181, 183 (3d Cir.1999). In determining whether to issue a suggestion for remand to the Panel, we will therefore be guided by the standards for remand employed by the Panel. When, as here, pre-trial proceedings in the MDL have not been concluded, the question of whether remand is nevertheless appropriate is left to the discretion of the Panel. *See, e.g., In re Patenaude,* 210 F.3d 135, 145 (3d Cir.2000). The exercise of that discretion generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL. *See, e.g., In re Air Crash Disaster,* 461 F.Supp. 671, 672–73 (Jud.Pan. Mult.Lit.1978). The Panel has discretion to remand, for example, when everything that remains to be done is case-specific. *Patenaude,* 210 F.3d at 145.

Neither party has been particularly forthcoming on the issue central to our determination of whether remand is appropriate, that is, whether this case will benefit from further coordinated proceedings as part of the MDL. In particular, the parties' submissions do not reveal the extent to which the remaining discovery to be conducted before trial is common, "core" discovery that has been stayed in the MDL since October 26, 2000, and that will, upon lifting of the stay, proceed in a

---

1. Defendant Ford Motor Company did not file a response to the plaintiff's request.

2. Bridgestone/Firestone has also argued that Ms. McKinney's filing violates this Court's Order on Organizational Structure and Discovery, entered November 22, 2000, instructing plaintiffs' counsel to identify representative remand motions for early consideration. This filing does not violate that Order, and the argument is, of course, moot in any event because Ms. McKinney's motion was among those identified by plaintiffs' counsel.

coordinated manner. The purposes of the MDL will not be advanced if the plaintiff intends, upon remand to the transferor court, to conduct in her individual case the very discovery that will be coordinated in this MDL. Moreover, remand under those circumstances would be nothing more than an abandonment of the Panel's judgment to include the personal injury cases in this MDL. These considerations, on the other hand, are not as significant when the remaining discovery is entirely case-specific. In personal injury/death cases where only case-specific discovery and motion practice remains, and the plaintiffs' circumstances are compelling, we would be inclined to issue a suggestion for remand. The pendency of a trial date in the transferor court also militates in favor of remand. In this case, the parties' submissions simply do not provide the information necessary to resolve the pivotal question of whether the remaining discovery and motion practice (if any) is case-specific or applicable to other cases in the MDL.[3]

Because the parties have not specifically addressed these issues, they also have not explained whether the MDL currently restricts their ability to prepare for a trial scheduled in late June of this year. No restriction imposed by this court impedes the parties' completion of case-specific discovery,[4] nor have we limited the parties' ability to file any pre-trial motions. The parties should be about those tasks.

On or before March 1, 2001, the plaintiff may renew her request for suggestion for remand, so long as it is accompanied by the certification that all discovery she intends to conduct in preparation for trial is complete or that her remaining discovery is entirely casespecific.[5] If the plaintiff renews her request, the defendants shall file their response within seven days. If

the request is renewed, we will rule promptly, so that if a suggestion for remand is deemed appropriate, the Panel will have adequate time to consider entry of a conditional remand order and to resolve any objections to remand in advance of the trial date.

In addition, the Clerk of this court is ORDERED to provide copies of this order to the Clerk of the Judicial Panel on Multidistrict Litigation and to the Honorable Robert T. Dawson, District Judge, United States District Court for the Western District of Arkansas, Fort Smith Division.

It is so ORDERED ___ this day of January, 2001.

---

3. Ms. McKinney has demonstrated compelling circumstances and the pendency of a trial date (although the status of the trial date is somewhat unclear in light of the transferor court's administrative termination of the action).

4. The Court assumes that most, if not all, the discovery the defendants will do to prepare for trial is case-specific.

5. Ms. McKinney can also, of course, make use of any appropriate guidance provided by this Order in developing her argument to be made to the Panel on January 18, 2001.