**Claudine WOOLF, Plaintiff,**

v.

**MARY KAY INC., a corporation, et al., Defendants.**

**No. Civ.A.3:01CV0668–G.**

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 29, 2001.

William J. Lamoreaux, Dallas, TX, for plaintiff.

John F. McCarthy, Jr., Littler Mendelson, Dallas, TX, for defendants.

### MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion of the defendants Mary Kay, Inc. and Sharon Davis (collectively, "Mary Kay") for reconsideration of that portion of the court's memorandum order, filed on September 28, 2001 ("September 28 Order"), remand-

ing the state law claims of the plaintiff Claudine Woolf ("Woolf") to the 191st Judicial District Court of Dallas County, Texas ("191st District Court of Dallas County"). For the reasons stated below, the motion is denied.[1]

## I. BACKGROUND

Although the factual and procedural history of this case is set forth in the September 28 Order, the court will again summarize some of the major events in this dispute, especially as they relate to Mary Kay's motion for reconsideration. Woolf originally filed this suit against Mary Kay, Sharon Davis, and Carol Taylor on July 26, 2000 in the 191st District Court of Dallas County.[2] Memorandum of Points and Authorities in Support of Motion to Transfer for Convenience ("Transfer Motion") at 5. Mary Kay is a Delaware Corporation with its principal place of business in Dallas, Texas; Sharon Davis, formerly the Director of Sales Development for Mary Kay, is also a citizen of Texas; and Woolf and Taylor are citizens of California.[3] Mary Kay's Motion for Reconsideration at 2–3. Woolf brought suit in this Texas state court, apparently some-

what reluctantly, pursuant to a forum-selection clause in the parties' sales director agreement ("Agreement"). That clause required that all disputes related to the Agreement be submitted to the jurisdiction of the "courts of the State of Texas," and it designated proper venue in Dallas, Dallas County, Texas. *See* Agreement, located in Appendix of Evidence in Support of Defendants' Response to Plaintiff's Motion to Transfer at 23.

On March 12, 2001, Woolf filed her first amended petition in the 191st District Court of Dallas County, in which, among various state law claims, she asserted a discrimination claim against Mary Kay under 42 U.S.C. § 1981. Notice of Removal ("Notice of Removal") at 1. Mary Kay timely removed Woolf's action to this court on April 4, 2001, on the basis of federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Notice of Removal at 1; Mary Kay's Motion for Reconsideration at 2 ("Defendants timely removed this lawsuit based on federal question jurisdiction under 28 U.S.C.

---

**1.** Mary Kay requested expedited briefing on this motion. *See* Motion for Reconsideration of Remand Order Expedited Response Requested ("Mary Kay's Motion for Reconsideration") at 5 ("Defendants further request this Court to expedite review of this issue and to order Plaintiff to respond, if she chooses to do so, within seven (7) days of the filing of this Motion for Reconsideration."). On October 5, 2001, the day after the Motion for Reconsideration was filed, the court contacted Woolf's counsel to inquire whether she had received a copy of the motion. Woolf's counsel informed the court that she was out of the office and had not yet received the motion. (Mary Kay now asserts that the motion was faxed to Woolf's counsel on October 4, 2001, the date the motion was filed, *see* Reply in Support of Defendants' Motion to Reconsider Remand Order at 3 n. 1 and Exhibit A, but that fact was unknown to the court until the

reply was filed on October 17, 2001, as it was not disclosed in the motion's certificate of service, *see* Motion for Reconsideration at 6). In light of this situation, the court declined to grant Mary Kay's request for expedited briefing. The court also notes that, given Woolf's out-of-state status and the novelty of the issue raised in Mary Kay's motion, it would likely have reached the same decision even had it known at the time that Mary Kay had faxed a copy of the motion to Woolf's counsel on October 4, 2001.

**2.** In its motion, Mary Kay incorrectly states that this suit ·was filed on July 26, 2001. Mary Kay's Motion for Reconsideration at 2.

**3.** On December 15, 2000, the 191st District Court of Dallas County dismissed Taylor from the case for lack of personal jurisdiction. Transfer Motion at 5–6.

§ 1331."). In the Notice of Removal, Mary Kay also asserted, notwithstanding the procedural bar against diversity-based removal by an in-state defendant,[4] that this court had original jurisdiction over the case on the basis of diversity of citizenship. Notice of Removal at 2.

On September 28, 2001, the court issued a memorandum order granting Mary Kay's motion for summary judgment on Woolf's claim under 42 U.S.C. § 1981 and remanding, pursuant to 28 U.S.C. § 1367(c)(3),[5] Woolf's remaining claims under state law[6] to the 191st District Court of Dallas County.[7] September 28 Order at 24. Six days later, on October 4, 2001, Mary Kay filed the instant motion requesting that the court reconsider the September 28 Order insofar as it remanded Woolf's state law claims. Mary Kay's Motion for Reconsideration at 1.

According to Mary Kay, § 1367(c)(3) does not authorize remand in this instance because the court has original jurisdiction over all of Woolf's claims on the basis of diversity of citizenship.[8] Mary Kay's Motion for Reconsideration at 4. While Mary Kay concedes that the removal statute

procedurally barred it from removing this case, it argues that this court now has original jurisdiction over Woolf's state law claims on the basis of diversity of citizenship because neither Woolf nor the court, within the thirty day period following removal prescribed by 28 U.S.C. § 1447(c), identified any procedural defect, such as removal by in-state defendants.[9] *Id.* at 2–4. Accordingly, Mary Kay requests that the court withdraw that portion of the September 28 Order remanding Woolf's state law claims and adjudicate those claims on the basis of the court's diversity jurisdiction. *Id.* at 3–4.

In response, Woolf argues that Mary Kay removed this case solely on the basis of federal question subject matter jurisdiction and that Woolf did not waive any procedural defect on removal because diversity of citizenship was not a basis for removal, as it would have been improper for Mary Kay, as a Texas citizen, to remove the action on the basis of diversity of citizenship under 28 U.S.C. § 1441(b). Plaintiff's Opposition to Motion to Reconsider Remand Order ("Woolf's Response") at 1–2. Woolf also contends that the

---

**4.** *See* 28 U.S.C. § 1441(b) ("Any ... action [not based on a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

**5.** Section 1367(c)(3) provides that "[t]he district courts may decline to exercise jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

**6.** Woolf's state law claims include claims, under both California and Texas law, for wrongful termination and discrimination, failure to grant leave, breach of contract, breach of the covenant of good faith and fair dealing, fraud, intentional and negligent infliction of emotional distress, defamation, and harassment. Second Amended Complaint at 20–47.

**7.** In the September 28 Order, the court also denied Woolf's motion to transfer venue and denied Mary Kay's motion to exclude certain evidence in support of Woolf's motion to transfer. September 28 Order at 5–19.

**8.** Section § 1332(a)(1) states, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-(1) citizens of different States...." 28 U.S.C. § 1332(a)(1).

**9.** Section 1447(c) provides, in part, that, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

court's remand order pursuant to 28 U.S.C. § 1367(c)(3) applies only to supplemental jurisdiction based on original subject matter jurisdiction, not to diversity of citizenship jurisdiction. *Id.* at 2–3.

## II. *ANALYSIS*

■ For the following reasons, the court stands by its previous determination to remand all of Woolf's state law claims.

First, without question, Mary Kay's notice of removal was based solely on federal question subject matter jurisdiction. Notice of Removal at 1.[10] While Mary Kay recited in the notice that there was diversity of citizenship, it also conceded that it could not remove the case on this basis because of the procedural bar against diversity-based removal by an in-state defendant. See *id.* at 2. The court would not have allowed Mary Kay to remove the case on the basis of diversity of citizenship because Mary Kay is a citizen of Texas. *See* 28 U.S.C. § 1441(b); *McKay v. Boyd Construction Co., Inc.*, 769 F.2d 1084, 1087 (5th Cir.1985) ("Although section 1441 permits the removal of cases based on diversity jurisdiction, it does not apply to those cases where any defendant is a resident of the state in which the suit was brought."), *abrogated by Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 385–86, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364

(1998). Woolf is thus eminently correct that it would have been "a waste of time for Plaintiff to identify this so-called 'procedural defect' which accompanied a proper removal based on federal question." Woolf's Response at 1.[11] Moreover, the court agrees with Woolf that Mary Kay's comment regarding diversity of citizenship in the notice of removal was "merely made to bolster Defendants argument that this Court assert supplemental jurisdiction to Plaintiff's state law claims along with the removal of the federal question to United States District Court." *Id.* at 2.

Second, Mary Kay's reliance on *In re Shell Oil Company*, 932 F.2d 1518 (5th Cir.1991), *cert. denied*, 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992), does not support its claim that remand was improper. Unlike the instant case, the basis of removal in *Shell Oil Company* was diversity of citizenship. 932 F.2d at 1518. Over a month after removal, the plaintiffs moved to remand the case on the grounds that two of the defendants were citizens of Texas, the original forum state. *Id.* After concluding that it could review the district court's remand order, the Fifth Circuit held that the plaintiffs waived any non-jurisdictional grounds for remand under 28 U.S.C. § 1441(b) by not moving to remand within thirty days of the filing of the notice of removal, as required by 28 U.S.C.

**10.** "On March 12, 2001, Plaintiff served Defendants with her First Amended Petition in this civil action in the 191st Judicial District Court of Dallas County, Texas, ..., asserting for the first time claims against Defendants for discrimination in violation of 42 U.S.C. § 1981. Plaintiff also asserts various supplemental state law claims. Accordingly, *this Court has federal question subject matter jurisdiction over this civil action because it appears from the face of Plaintiff's First Amended Petition that she seeks to recover damages under the laws of the United States. See* 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's other state law claims because they are so related to her federal claim that they are part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367." Notice of Removal at 1–2 (emphasis added).

**11.** Under Mary Kay's theory, apparently, the only way this court could have exercised the discretion given by § 1367(c), *i.e.*, to remand Woolf's state law claims to a state forum, was to make that decision within thirty days of removal, at a time when the only basis for the decision would have been the pleadings and notice of removal. Requiring an impromptu decision at that time, however, would have prevented a measured consideration of the factors set forth in § 1367(c)(1)-(4), which are usually not determinable only on the pleadings.

§ 1447(c). *Id.* at 1523. Notably, in the course of its opinion, the Fifth Circuit had to decide what constitutes a "defect in removal procedure," for the purposes of § 1447(c), and it cited with approval Professor David D. Siegel's distinction between remands for "procedural defects" and remands relating to supplemental jurisdiction:

What does the language "any defect in removal procedure" mean? Professor Siegel explains that Congress sought to distinguish remands for "procedural defects" from remands that may arise after removal, particularly remands relating to the court's ancillary jurisdiction [presently supplemental jurisdiction under 28 U.S.C. § 1367] ... Siegel asserts that § 1447(c) is written in such a way that a remand may be made after the 30–day limit if something arises later that would make remand proper. Siegel, *1988 Commentary, supra,* at 53–54; *see also H.R.Rep.* No. 889, 100th Cong., 2d Sess. 72 ("[t]he amendment is written in terms of a defect in 'removal procedure' in order to avoid any implication that remand is unavailable after disposition of all federal questions leaves only State law questions"). . . .

For example, a case with state and federal claims is properly removed to federal court. The federal claims are dismissed after 30 days. The federal court still has [supplemental] jurisdiction to

hear just the state claims. However, the district court may want to remand those claims to state court. As Professor Siegel explains:

["]While the dropping out of the claim on which the other claims depended does not bring about a defect of subject matter jurisdiction—because the court has discretion to retain and try the remaining claims and a defect in subject matter jurisdiction can never allow that—neither is it to be deemed a mere defect of 'procedure' that would trigger the 30–day rule.["]

*Id.* at 1521–22 (some internal citations and internal footnotes omitted).

While Professor Siegel's discussion did not apply to the facts in *Shell Oil Company,* see *id.* at 1522, it does fit this dispute. In this case, Woolf asserted both state and federal law claims. Notice of Removal at 1. Mary Kay timely removed the suit on the basis of federal question subject matter jurisdiction. *Id.* On September 28, 2001, months after Mary Kay's filing of the notice of removal, the court disposed of Woolf's only federal claim and remanded her state law claims to the state court from where they were removed. As foreshadowed by *Shell Oil Company,* the court's disposition of Woolf's federal law claim is not, despite Mary Kay's assertion to the contrary, a defect of procedure that triggers 28 U.S.C. § 1447(c)'s thirty-day rule.[12] *Id.* at 1522. Remand is therefore

---

12. Even if it be assumed that § 1447(c)'s thirty-day deadline applies in this instance, § 1447(c)'s deadline "begins the day on which the notice of removal is filed, or, if there is no removal defect on the day that notice is filed, the deadline is counted from the day that the defect occurs." *Winners Corporation v. Lafayette Life Insurance Company,* 734 F.Supp. 812, 815 (M.D.Tenn.1989). Under this formulation, the defect in removal occurred on September 28, 2001, the day the court granted Mary Kay's summary judgment motion on Woolf's sole federal claim. September 28 Order at 24. As of that date, in

Mary Kay's view, the court had jurisdiction over Woolf's remaining state law claims on the basis of diversity of citizenship, which—given Mary Kay's status as a Texas citizen—was a procedural defect within the meaning of 28 U.S.C. § 1441(b). The court construes Woolf's opposition brief to Mary Kay's motion for reconsideration, filed on October 15, 2001, as objecting to this removal defect. See, *e.g.,* Woolf's Response at 1 ("Although removal for the section 1981 cause of action was proper, it would have not been proper for these Texas citizens to remove in their own

appropriate in this circumstance.[13]

■ Third, although the Fifth Circuit has not addressed this precise issue, two federal district court have decided that this court is not compelled to exercise jurisdiction based on diversity of citizenship. See *Trask v. Kasenetz*, 818 F.Supp. 39 (E.D.N.Y.1993); *Maher v. Moore College of Art and Design*, No. CIV. A. 98–2978, 1999 WL 88964 (E.D.Pa. Feb.19, 1999).[14]

In *Trask*, the defendants removed the action to the Eastern District of New York on the ground that the plaintiff's complaint stated a federal cause of action under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–68. 818 F.Supp. at 41, 44. The plaintiff was a citizen of Florida and the defendants were citizens of Virginia and New York. *Id.* at 41. After dismissing the plaintiff's RICO claim, the court remanded the plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1447(c). *Id.* at 45. Although the defendants did not assert that the court had subject matter jurisdiction on any ground other than the existence of a federal question, the court held that, even assuming diversity of citizenship did exist, it should not be compelled to exercise jurisdiction on that basis:

> But where, as may be assumed here, a Florida citizen chooses to sue a New York citizen in a New York State court, the New York defendant may not remove the case. In such an instance, the defendant has no interest recognized by a federal statute in a federal forum. No provision of the Judiciary Act compels this court to retain jurisdiction over a case removed by citizens of this state based upon a federal claim that has been dismissed, even where the parties are citizens of different states. The underlying logic of the statutory scheme suggests, to the contrary, that the court should remand the case to the New York State court in which plaintiff first chose to bring it. Moreover, that court would have greater familiarity and interest in the issues that remain insofar as

state solely on the basis of diversity of citizenship."). Consequently, the court finds that Woolf timely noticed the defect and that remand of her state law claims is proper. While "questions concerning removal must be presented, whether by motion or *sua sponte*, within thirty days in order for remand on those grounds to be permissible," *Federal Deposit Insurance Corporation v. Loyd*, 955 F.2d 316, 322 (5th Cir.1992), the court concludes that no defects were present when Mary Kay filed the notice of removal on April 4, 2001, because the action was removed on the basis of federal question subject matter jurisdiction. Notice of Removal at 1.

**13.** The court recognizes that Mary Kay disputes this result on the ground that the court also has subject matter jurisdiction on the basis of diversity of citizenship. Mary Kay's Motion for Reconsideration at 1. As indicated previously, however, this was not the basis of Mary Kay's removal because, as Mary Kay conceded in the notice of removal, removal would have been improper under 28 U.S.C. § 1441(b). Notice of Removal at 2. More-

over, the court does not believe Congress intended that the procedural bar against removal by an in-state defendant could be so ingeniously circumvented in the manner urged by Mary Kay. To hold otherwise would eviscerate the meaning of § 1441(b) and allow in-state defendants back door access to the federal courts.

**14.** Two other district court decisions have also discussed this issue, but the court finds them inapplicable because diversity of citizenship was the sole basis of removal. See *Sherman v. Sigma Alpha Mu Fraternity*, 128 F.Supp.2d 842, 847 (D.Md.2001) (defendant improvidently removed case solely on the basis of diversity jurisdiction and court remanded, after timely objection, pursuant to § 1441(b)); *Devore v. Transport Technology Corp.*, 914 F.Supp. 355, 358 (W.D.Mo.1996) (defendant removed case solely on the basis of diversity jurisdiction and court denied plaintiffs' motion to remand because the facts suggested that plaintiffs moved to join a home state defendant, after removal, solely to destroy diversity jurisdiction).

they relate solely to the regulation of a New York State not-for-profit corporation.

*Id.* at 45.

Similarly, in *Maher*, the court found that diversity of citizenship did not require the court to exercise jurisdiction over the plaintiff's remaining pendent state law claims. 1999 WL 88964, at *4. In that case, the plaintiff, a citizen of New Jersey, asserted various state causes of action and one federal due process claim against the defendant, a non-profit corporation with its principal place of business in Philadelphia, Pennsylvania. *Id.* at *1. On June 8, 1998, the defendant timely removed the entire case from a Pennsylvania state court to the federal district court in the Eastern District of Pennsylvania based on the fact that the plaintiff raised a federal question. *Id.* Notably, over a month later, on July 17, 1998, the plaintiff moved to remand the case back to state court. *Id.* Notwithstanding the fact that the defendant did not assert diversity of citizenship in its removal, the court held, after dismissing the sole federal claim, that it was "not compelled to exercise jurisdiction based on diversity of citizenship in this case because Moore College was sued in its home state, and thus, was unable to remove the case based on diversity jurisdiction." *Id.* at *4 n. 2.

Although *Trask* and *Maher* might be distinguishable on the basis that the defendants in those cases did not assert diversity of citizenship, the underlying reasoning of those decisions supports the court's decision here. See also *Devore v. Transport Technology Corp.,* 914 F.Supp. 355, 358 (W.D.Mo.1996) (noting that Wright, Miller, and Cooper approve of the result and reasoning of *Trask* and that "[t]his Court would likely follow *Trask* were it present-

ed with the same facts.") (internal citation omitted). As in *Trask*, in the absence of any other interests, Woolf's choice of forum should be honored.[15] See *Trask,* 818 F.Supp. at 44–45. Moreover, given that the defendants are citizens of Texas and that the parties' Agreement required Woolf to submit her disputes to the courts of the state of Texas, the court is hard-pressed to find any prejudice to Mary Kay in remanding Woolf's state law claims. In fact, prior to removing this action, Mary Kay consistently argued that this case must be heard in a Texas state court. See, *e.g.,* Defendants' Response to Plaintiff's Motion to Transfer at 3–5 (summarizing Mary Kay's efforts in the California and Texas state courts to enforce the forum-selection clause in the parties' Agreement). Finally, because only state law claims remain, those claims should, in the interests of comity, be heard by the state district court, which has greater familiarity with the unique questions of state law currently in dispute.

## III. CONCLUSION

For the reasons state above, Mary Kay's motion for reconsideration is **DENIED.**

**SO ORDERED.**

---

**15.** This is so, even if, as was apparent from Woolf's motion to transfer, the Texas state court was not her preferred forum.