Rebecca A. ZUURBIER,
M.D., Plaintiff,

v.

MEDSTAR HEALTH, INC., Defendant.

No. CIV.A.03–01953(RMC).

United States District Court,
District of Columbia.

Feb. 6, 2004.

Janet Ann Vecchia, Elaine Charlson Bredehoft, Peter C. Cohen, Charlson Bredehoft, PC, Reston, VA, for Plaintiff.

Keith J. Harrison, King, Pagano & Harrison, Washington, DC, for Defendant.

## MEMORANDUM OPINION

COLLYER, District Judge.

This case was removed from the Superior Court of the District of Columbia because the complaint alleged violations of the plaintiff's civil rights under federal law. The plaintiff immediately amended her complaint to drop all federal claims and rely solely on the D.C. Human Rights Act, D.C.Code § 2–1402 *et seq.* She now seeks a remand back to Superior Court, which the defendants oppose.

Since the case came to this Court on September 22, 2003, the lawyers have graced it with a bounty of pleadings. Readers will need scorecards. The plaintiff is Dr. Zuurbier. Defendants are MedStar Health, Inc. ("MedStar"); MGMC LLC ("MGMC"), and the MedStar–Georgetown Medical Center, Inc. ("the Medical Center"). Pending before the Court are Defendant MedStar Health's Motion to Dismiss Defendant [sic] for Failure to State a Claim or in the Alternative for Summary Judgment ("MedStar Dismissal Motion"); Plaintiff's Motion to Remand ("Remand Motion"); Plaintiff's Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment ("Opp. to MedStar Dismissal Motion"); Defendant MedStar Health Inc.'s Reply Memorandum to Plaintiff's Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment ("MedStar Dismissal Reply"); Plaintiff's Surreply ("Surreply"); Defendant MGMC LLC's Motion to Strike, Motion to Dismiss Plaintiff's Amended Complaint Against MGMC LLC and, in the Alternative, to Compel Arbitration ("MGMC Motion to Strike"); Defendant MedStar–Georgetown Medical Center, Inc.'s Motion to Strike Plaintiff's Amended Complaint or, in the Alternative, Motion to Dismiss or for Summary Judgment ("Medical Center Motion to Strike"); Defendants' Opposition to Plaintiff's Motion to Remand ("Remand Opp."); Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Remand ("Remand Reply"); Plaintiff's Opposition to Defendant MedStar–Georgetown Medical Center, Inc.'s Motion to Strike Plaintiff's Amended Complaint or, in the Alternative, Motion to Dismiss or for Summary Judgment ("Opp. to Georgetown Motion to Strike"); Plaintiff's Opposition to Defendant MGMC LLC's Motion to Strike, Motion to Dismiss Plaintiff's Amended Complaint Against MGMC LLC and, in the

Alternative, to Compel Arbitration ("Opp. to MGMC Motion to Strike"); Plaintiff's Motion to File Second Amended Complaint ("Second Complaint Motion"); Defendants' Opposition to Plaintiff's Motion to Filed Second Amended Complaint ("Opp. to Second Complaint"); Defendants MedStar–Georgetown Medical Center, Inc. and MGMC LLC's Reply in Support of Their Motion[s] to Strike Plaintiff's Amended Complaint or, in the Alternative, Motion[s] to Dismiss or for Summary Judgment ("Reply to Motions to Strike"); and Plaintiff's Reply in Support of Motion to File Second Amended Complaint ("Reply to Second Complaint").

## BACKGROUND FACTS

For purposes of ruling on the pending motions, the facts can be quickly summarized. Georgetown University is a well-known fixture in the Washington, D.C. community. Plaintiff Rebecca A. Zuurbier, M.D. began her employment at Georgetown University Hospital on April 1, 1993, as an Assistant Professor, Director of the Breast Imaging Division, and Director of Radiology Resident Education. In the ensuing years, Dr. Zuurbier took on positions of greater and greater responsibility within both the medical school and the Hospital. On or about February 17, 2000, MedStar and Georgetown executed an Asset Purchase Agreement covering the Hospital, with an effective date of July 1, 2000. Pursuant to the terms of the acquisition and the terms of her employment agreement, Dr. Zuurbier became an employee of MGMC, a single member limited liability company organized in the District of Columbia and a subsidiary of the Medical Center. Her employment agreement contains an arbitration provision ostensibly requiring arbitration of all employment disputes. Dr. Zuurbier submitted her resignation on July 15, 2002; her last day of employment was October 14, 2002.

Dr. Zuurbier sued MedStar for employment discrimination on July 15, 2003 in the Superior Court. MedStar was served on September 2, 2003 and removed the action to federal court on September 22, 2003, based on federal-question and diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. As filed, the complaint alleged employment discrimination under the D.C. Human Rights Act ("DCHRA"); constructive termination under the DCHRA; violations of the Equal Pay Act, 29 U.S.C. § 206(d); and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. The MedStar Dismissal Motion was filed on September 29, 2003. On October 9, 2003, Dr. Zuurbier filed an Amended Complaint adding as defendants the Medical Center and MGMC, and withdrawing the Equal Pay Act claim and the Title VII claim—leaving only DCHRA claims under D.C. law—and filed the Remand Motion.

MedStar is a Maryland corporation, with its principal place of business in Columbia, Maryland.[1] It is registered to do business in both the District of Columbia and Maryland. MGMC and the Medical Center are

---

1. MedStar erroneously stated in its Notice of Removal and the MedStar Dismissal Reply that it is incorporated in the District of Columbia. MedStar has attached to the Defendants' joint Remand Opposition an affidavit stating that it is a Maryland Corporation, with its principal place of business in Columbia, Maryland. The proper procedure for correcting this imperfect statement of citizenship would have been to amend the removal notice. However, for purposes of deciding the pending motions, the Court will "treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits." Willingham v. Morgan, 395 U.S. 402, 408 n. 3, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). Both diversity and federal question jurisdiction existed at the time the case was removed, and removal was in fact permissible pursuant to 28 U.S.C. § 1441(b).

incorporated and have their primary places of business in the District of Columbia.[2] Dr. Zuurbier is a resident of the Commonwealth of Virginia.[3]

## ANALYSIS

The original complaint in this action sought relief based on two federal statutes, Title VII and the Equal Pay Act, and therefore the Court had jurisdiction upon removal. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *id.* at § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction [ ] may be removed by defendant or the defendants . . . ."). In addition, it appearing that MedStar is a Maryland corporation with its principal place of business in Maryland, while Dr. Zuurbier is domiciled in Virginia, diversity jurisdiction also existed when the case was removed to federal court. *See id.* at § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States.");[4] *id.* at 1441(a). Thereafter, however, Dr. Zuurbier dropped her two federal law claims and added two D.C. defendants, which removes the federal question and raises new issues with the question of removal jurisdiction.[5] She very much wants

this case tried in Superior Court and asks this Court to remand it immediately.

### A. Federal Question Jurisdiction

The Court is not deprived of jurisdiction to hear and determine MedStar's motion to dismiss just because Dr. Zuurbier filed an amended complaint that deleted her federal claims.

> When a defendant removes a case to federal court, whether the federal court possesses jurisdiction over that case is determined by examining the face of the complaint and only the face of the complaint at the time of removal. In non-diversity cases, if the face of the complaint reveals a federal question, then the federal court has jurisdiction. Furthermore, once federal jurisdiction is established, a plaintiff cannot precipitate a remand by amending the complaint to eliminate the grounds upon which jurisdiction is based. In other words, if a federal question appears at the moment of removal, the Plaintiff can do nothing to defeat jurisdiction.

*Idoux v. Lamar Univ. Sys.*, 817 F.Supp. 637, 642 (E.D.Tx.1993) (internal citations omitted). Dr. Zuurbier resists this conclusion. She argues that her amended complaint, containing DCHRA claims only, essentially erased the first complaint and deprives this Court of jurisdiction. *See* Remand Motion at ¶ 6 ("As a result of Plaintiff withdrawing both claims arising

---

**2.** The District of Columbia is considered a State for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(d).

**3.** With respect to diversity jurisdiction, the relevant question for a natural person is her citizenship, not her residence. *See* 28 U.S.C. 1332(a)(1). Citizenship is generally determined according to a person's domicile, which is not necessarily a person's residence. *See* WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE JURISDICTION 2D §§ 3611, 3612. Because no argument is made to the contrary,

the Court assumes that Dr. Zuurbier is domiciled in Virginia.

**4.** The initial complaint sought $7 million in damages for Dr. Zuurbier.

**5.** Dr. Zuurbier also omitted any value to her claim for recovery in the Amended Complaint, likely seeking to avoid federal jurisdiction under the "value of $75,000" prong of the statute. She does not, however, assert that the Amended Complaint does not meet the amount in controversy requirement.

under the laws of the United States, ... Defendants do not have grounds to remove this case to federal court under 28 U.S.C.Code [sic] § 1441."); Opp. to MedStar Dismissal Motion at 2 ("[S]ince the basis for removing this action to federal court has now been eliminated[,] ... this matter should now only be heard in the D.C. Superior Court.... [T]he filing of the Amended Complaint and Motion to Remand has [sic] mooted defendant's Motion to Dismiss the original complaint."); Surreply at ¶ 1 ("[O]nce Plaintiff filed her *amended* complaint (on October 10, 2003), Medstar's [sic] motion to dismiss the *original complaint* became moot." (emphasis in original)). In this argument, Dr. Zuurbier mistakes the relationship between procedural rules [6] and the more fundamental question of the Court's jurisdiction.

 There is no doubt that § 1331 gives a federal court "original jurisdiction" over all actions arising under the laws of the United States, such as the Title VII and Equal Pay Act claims in the original complaint filed by Dr. Zuurbier. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[ ] may be removed by the defendant ....."). If removal is based on federal question jurisdiction, the citizenship or residence of the parties is irrelevant. *See* 28 U.S.C. § 1441(b). Once a case is properly removed, a plaintiff may not amend the complaint solely to defeat federal jurisdiction. *See, e.g., In re Bridgestone/Firestone*, 128 F.Supp.2d 1196, 1198 (S.D.Ind.2001); *Brock v. De-Bray*, 869 F.Supp. 926, 928 (M.D.Ala.1994); *Johnson v. First Fed. Sav. and Loan Ass'n of Detroit*, 418 F.Supp. 1106, 1108 (D.C.Mich.1976); WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3738. The court can, in its

discretion, remand to State court if a plaintiff removes federal claims. *See Carnegie-Mellon v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Dr. Zuurbier's amendment to the complaint does not affect this Court's jurisdiction to address the initial complaint as it was filed against MedStar.

## B. Merits of MedStar Motion to Dismiss

For the convenience of the reader, the Court will immediately turn to the remainder of the case as it affects MedStar before addressing the amendments to the complaint that add additional defendants.

MedStar has filed a motion to dismiss or, in the alternative, for summary judgment, asserting first that it was not Dr. Zuurbier's employer and second that her Title VII claim is barred due to her failure to exhaust administrative remedies. Because the Court relies on materials outside of the pleadings in deciding the motion, it will be treated as a motion for summary judgment. *See* FED. R. CIV. P. 12(b).

Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is not a "disfavored legal shortcut[;]" rather, it is a reasoned and careful way to resolve cases fairly and expeditiously. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether a genuine issue of material fact exists, the court must view all facts and reasonable inferences in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v.*

---

**6.** *See* FED. R. CIV. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ....").

*Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Tao v. Freeh,* 27 F.3d 635, 638 (D.C.Cir.1994). Any factual dispute must be capable of affecting the substantive outcome of the case to be "material" and "genuine." *See Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505; *Laningham v. United States Navy,* 813 F.2d 1236, 1242–43 (D.C.Cir.1987). A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

MedStar's motion for summary judgment has merit and Dr. Zuurbier does not contest its facts. Summary judgment will be granted.

■ Dr. Zuurbier now admits that her Title VII claim is without merit because she failed to exhaust her administrative remedies before filing a court suit. *See* Opp. to MGMC Motion to Strike at 3 ("Plaintiff dropped her Title VII claim because she failed to exhaust her administrative remedies ...."). In addition, as relevant here, only an "employer" may be held liable for violations of Title VII, the Equal Pay Act, or the DCHRA. *See* 42 U.S.C. § 2000e–2(a); 29 U.S.C. § 206(d); D.C.Code § 2–1402.11(a)(1); *see also Cooke–Seals v. District of Columbia,* 973 F.Supp. 184, 186 (D.D.C.1997). MedStar avers that it was never the "employer" of Dr. Zuurbier; a fact she does not contest. Because there is no dispute with respect to this point, MedStar is entitled to summary judgment. Dr. Zuurbier simply sued the wrong party.

### C. Diversity Jurisdiction and Remand

Dr. Zuurbier argues that her amended complaint should be remanded because it omits the federal questions and because all defendants are residents of the forum jurisdiction, *i.e.,* Washington, D.C.[7] MGMC and the Medical Center oppose remand and ask the Court instead to strike the amended complaints. Their Opposition to Remand notes that the lawsuit was properly removed to federal court under 28 U.S.C. §§ 1331 and 1332 and argues that this Court retains subject matter jurisdiction over "the case." Opp. to Remand at 5; *see also Freeport–McMoRan, Inc. v. K N Energy,* 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) ("[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."). These defendants argue that the sole reason for the amendment to the initial complaint was to defeat federal jurisdiction and that Dr. Zuurbier failed to request court approval prior to filing her first amended complaint. MGMC Motion to Strike at 6; Medical Center Motion to Strike at 6.

■ As discussed above, *see infra* n. 1, the Court accepts for purposes of this decision MedStar's sworn statement that it is "a Maryland corporation with its headquarters, base of operations, corporate offices and principal place of business in Columbia, Maryland." Opp. to Remand at 4 n. 1. Therefore, MedStar properly removed this case. *See* 28 U.S.C. §§ 1441(a), (b) (state court action that meets the requirements of 28 U.S.C. § 1332 may be removed "if none of the

---

**7.** Dr. Zuurbier argues that "MedStar Health acknowledges at the time it filed its removal notice that it was non-diverse for removal purposes under 28 U.S.C. § 1441(b)." Remand Reply at 4. MedStar's statement that it was a District of Columbia corporation does not render it non-diverse, as diversity is determined by comparing the citizenship of plaintiff and defendants. *See* 28 U.S.C. § 1332. Even if true, this statement would only make MedStar a resident of the forum state for the purpose of 28 U.S.C. § 1441(b). *But see* footnote 1, *supra.*

parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). As the Court has already decided, Dr. Zuurbier's original complaint controls the jurisdictional questions and the Court examines only the citizenship of MedStar, the defendant at the time of removal.

■ Dr. Zuurbier argues that if MedStar was diverse for purposes of removal (as the Court accepts), "the addition of [the Medical Center] and MGMC destroyed removal jurisdiction based on diversity" and necessitates remand pursuant to 28 U.S.C. § 1447(c). Remand Reply at 5. Dr. Zuurbier is correct when she argues that if the Court permits addition of non-diverse defendants, it must remand the action to state court. See 28 U.S.C. § 1447(e). Dr. Zuurbier is incorrect when she asserts that the Medical Center and MGMC are non-diverse defendants and that their addition destroys this Court's jurisdiction. Rather, MedStar–Georgetown and MGMC are diverse defendants who are residents of the District. See Remand Reply at 2 (noting that Dr. Zuurbier is a resident of Virginia and MedStar–Georgetown and MGMC are citizens of the District of Columbia). After removal has been effected, the addition of diverse defendants who are citizens of the forum state does not impact the jurisdictional question of whether removal was proper in the first instance. See Devore v. Transport Tech. Corp., 914 F.Supp. 355, 357 (W.D.Mo.1996) (Section 1441(b) does not work retroactively to mandate remand when diverse defendant who is a citizen of the forum state is joined after removal).

Dr. Zuurbier's confusion seems to arise from her assumption that § 1441(b) is a jurisdictional statute. To the contrary, subject matter jurisdiction in diversity cases is defined by 28 U.S.C § 1332 (district courts have original jurisdiction where the amount in controversy exceeds $75,000 "and is between—(1) citizens of different States...."). The rule governing remand is clear: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When read together, it is apparent that § 1447(e) does not compel remand because subject matter jurisdiction pursuant to 28 U.S.C. § 1332 continues to exist, even with the joinder of MedStar–Georgetown and MGMC. Dr. Zuurbier does not share citizenship with either of the remaining defendants and there is no contention that the amended complaint does not meet the amount in controversy requirement. See 28 U.S.C. § 1332; see also Devore, 914 F.Supp. at 356–57.

■ The Court must still consider whether to continue to exert jurisdiction over what remains of this matter. As it presently exists, the case consists solely of state law claims against D.C. citizens. The driving concerns behind allowing non-local defendants to remove cases to federal court, i.e., favoritism and unfairness a foreign defendant might face in the state court, are no longer present in this case. In general, a plaintiff has a right to choose her forum in which to sue, and retain that choice absent some other protected interest. The remaining defendants in this matter have "no interest recognized by a federal statute in a federal forum." Trask v. Kasenetz, 818 F.Supp. 39 (E.D.N.Y. 1993). Had they been named parties in the original complaint, 28 U.S.C. § 1441(b) would have barred removal on the basis of diversity. "[B]ecause only state law claims remain, those claims should, in the interests of comity, be heard by the [Superior Court], which has greater familiarity with the unique questions of state law currently in dispute." Woolf v. Mary Kay, Inc., 176 F.Supp.2d 654, 660 (N.D.Tex.2001).

Defendants have sought to strike and/or dismiss Dr. Zuurbier's amended complaints because her DCHRA claims are arguably barred by the one-year statute of limitations or, in the alternative, to have her claims referred to arbitration pursuant to the mandatory arbitration provision of her employment agreement. The Medical Center seeks dismissal on the additional ground that it was never Dr. Zuurbier's employer. Dr. Zuurbier has also sought leave to file a Second Amended Complaint, which Defendants oppose. She is represented by experienced counsel who filed the initial complaint on the last day of the limitations period. Because principles of "economy, convenience, fairness, and comity" lead this Court to remand the case, it will leave these arguments for the Superior Court to decide. *Trask*, 818 F.Supp. at 45.

For the reasons stated, the allegations against MedStar will be dismissed with prejudice. The allegations against MGMC and the Medical Center in the first amended complaint will be remanded to the Superior Court. A separate Order accompanies this Memorandum Opinion.

### ORDER

For the reasons stated in the Memorandum Opinion separately and contemporaneously issued this 6th day of February, 2004, it is hereby

**ORDERED** that MedStar Health's Motion to Dismiss [dkt. no. 5] is **GRANTED**; and it is

**FURTHER ORDERED** that the allegations against MedStar Health are **DISMISSED** with prejudice; and it is

**FURTHER ORDERED** that Rebecca A. Zuurbier's Motion to Remand [dkt. no. 7] is **GRANTED** in part and **DENIED** in part; and it is

**FURTHER ORDERED** that this case is **REMANDED** to the Superior Court for the District of Columbia.